**Claude B. MORGAN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 23186.**

United States Court of Appeals
Fifth Circuit.

July 21, 1967.

Joe J. Harrell, Pensacola, Fla., for appellant.

Clinton Ashmore, U. S. Atty., Stewart J. Carrouth, Asst. U. S. Atty., Tallahassee, Fla., for appellee.

Before THORNBERRY and COLEMAN, Circuit Judges, and YOUNG, District Judge.

YOUNG, District Judge:

The appellant, Claude B. Morgan, was found guilty by a jury verdict of seven counts of mail fraud in violation of Title 18, United States Code, Section 1341. The verdict was returned on Thursday, November 4, 1965.

On the following Monday, November 8, appellant filed a motion for new trial alleging, inter alia, improper conduct of a juror as set forth in an affidavit of Robert W. Bryant. Bryant, a friend of Morgan since 1959, had been subpoenaed as a defense witness at the trial but was never called to the stand.

A hearing on the motion for new trial was held by the trial judge. Bryant, the affiant, testified as to the events related in his affidavit. He testified that during the noon recess of the last day of the Morgan trial, (November 4) and before the jury had retired to deliberate, he overheard a conversation in the lobby outside the courtroom between one of the jurors in the Morgan case and another member of the jury panel who was not sitting in the Morgan case, but who was serving as a juror in another case being tried the same day. Bryant testified that he heard the non-Morgan juror tell the Morgan juror that "the Spanish fellow" on the Morgan jury had also been a juror in a civil case previously brought by Morgan against an insurance company in which Morgan had recovered $100,000. According to Bryant, the non-Morgan juror further stated, "You know there must be thousands like himself defrauding the people today" and the Morgan juror then stated he wouldn't be defrauding anybody else. The conversation then allegedly ended.

Bryant testified that he carefully observed the non-Morgan juror, but did not

get a good look at the face of the Morgan juror; "the most thing that I recognized about him was his dress, and that was about it". Bryant described the Morgan juror with some detail, however, including his height, weight, glasses and hat. He stated that he believed he could recognize the Morgan juror if he saw him again, but when the entire jury panel was called into the hearing by the Court, Bryant was unable to recognize the Morgan juror. However, Bryant did select the non-Morgan juror—a Mr. Frank E. Blews—from the panel with certainty.

Blews then testified that he was a juror in the case in which Morgan had sued an insurance company several years ago; that he was a juror on a criminal case being tried at the same time as the Morgan case on November 4, 1965; and that he "might have discussed" with another juror of the panel the fact that he had served on the jury of the case in which Morgan had sued the insurance company:

"The point is this; I saw Mr. Morgan walk by outside—not in the courtroom—outside—and I might have said, 'I was on that case two years ago'."

When asked if the juror with whom he had conversed was a juror serving on the Morgan criminal case, Blews replied:

"I don't believe so; I can't say positive because it's like I say, I saw Mr. Morgan out there and I did mention at that time as he went by that I was on his case; this wasn't in the courtroom; it was out there when he went by, I was a juror then, when he was tried before."

Blews believed his statement to the other juror was made on "the next day after the jury was chosen" which would have been November 4 (as the jury was selected November 3), and that the conversation was near the elevator.

The trial judge called each of the jurors who had served on the Morgan jury. Each of the twelve jurors, examined separately by the Court, denied participation in a conversation or knowledge of anyone else participating in a conversation regarding the possibility of Morgan having defrauded any persons. Eleven of the twelve jurors denied having heard anyone making a statement that Morgan had previously recovered $100,000. from an insurance company (although one of the eleven—Calvin L. Valcour—had been on the jury in the civil case and did know about the $100,000. recovery).

One juror, however, Mr. Leo A. Duncan, testified as follows:

"Q Did you hear any reference to $100,000. insurance claim?

A Not until after the verdict had been reached.

Q After the verdict had been reached?

A Yes, sir.

&ast;&ast;&ast;&ast;&ast;&ast;

Q How long have you known Mr. Blews?

A Probably 25 years.

Q During the course of your service on the jury in the Morgan case, did you have a chance to have any discussion with him?

A I did not; not during the case. No, sir.

Q Now you stated that you heard some conversation after the jury had been dismissed; at what time was that?

A The following Monday morning.

&ast;&ast;&ast;&ast;&ast;&ast;

Q What was the extent of the conversation with Mr. Blews?

A Well, as I recall it, I asked Mr. Blews the next Monday morning how it happened he was excused and I wasn't and he said because he had been a juror three years prior to that, in which Mr. Morgan . . . had sued for a hundred thousand dollars ($100,000.00) and he had been off that jury three years and I thought he could discuss it, and we did discuss it but we were excused Thursday afternoon and that was the following Monday; that is the first time I

had seen Mr. Blews since we were called on the jury Thursday.

\*   \*   \*   \*   \*   \*

Q  That was the only time you talked to Mr. Blews about the prior Morgan case?

A  That is the first time that we had discussed Mr. Morgan or any of the case in any way. I had never heard of Mr. Morgan until I was called on the jury.

Q  Where were you at the time on Monday that you discussed this?

A  In the lobby, when we came in to report for jury duty Monday morning.

Q  Monday the 8th?

A  The 8th."

The District Court denied the defendant's motion for new trial stating, inter alia:

"There was a flat and categorical denial by each and every juror that he had heard anything whatsoever with respect to the matters contained in the witness Bryant's affidavit or statement in court. The total failure of identification by this defendant of any juror alleged to have participated in a conversation in itself requires a denial of the motion. The flat and uncontradicted testimony of the jurors themselves leads this Court to find affirmatively as a matter of fact that there was no such conversation."

In the light of the Bryant, Blews and Duncan testimony, the District Court's finding "that there was no such conversation" is ambiguous. It is not clear if the District Court meant that a conversation occurred on November 4, but was not of the nature as described by Bryant or that the conversation did not take place on November 4, but did after the verdict. If the District Court meant that no conversation between a Morgan juror and a non-Morgan juror took place at all, such a finding would lack support from the evidence for it is clear from the combined testimony of Bryant, Blews and Duncan that some kind of conversation about the defendant Morgan's prior legal encounter with an insurance company did take place between a Morgan juror and a non-Morgan juror.

Blews confirmed Bryant's report that the time the remarks were spoken was Thursday, November 4, before the Morgan jury retired. Duncan, on the other hand, testified that the conversation took place on the following Monday, November 8, after the Morgan jury had rendered its verdict and been dismissed by the Court. The time and content of the conversation are essential findings to be made by the District Court and are critical to a determination of the merits of appellant's contentions.

If after further consideration the trial judge should find some conversation took place on November 4, 1965, then a determination would have to be made as to whether that which was said constituted, as a matter of law, grounds for a new trial.

Accordingly, we vacate the denial of the motion for new trial with directions for additional findings of fact.

Vacated.