STATE OF NORTH CAROLINA ex rel ROBERT MORGAN, ATTOR-
NEY GENERAL v. DARE TO BE GREAT, INC., GLENN TURNER
ENTERPRISES, INC., AND GLENN W. TURNER

No. 7210SC517

(Filed 12 July 1972)

1. Injunctions § 12— show cause hearing — affidavits

Affidavits may be considered by the trial court in a show cause
hearing for a preliminary injunction, the court not being limited by
G.S. 1-485 (1) to what appears in the complaint.

2. Injunctions § 4; Unfair Competition— pyramid, chain, referral sales —
injunction at instance of State

Even though individual remedies may exist, the State may obtain
injunctive relief against the continuation of pyramid or chain sales
schemes prohibited by G.S. 14-291.2 and referral sales schemes pro-
hibited by G.S. 25A-37.

APPEAL by defendants from *Canaday, Judge,* 27 March
1972 Session of WAKE Superior Court.

Plaintiff filed the complaint in this action on 14 March
1972 seeking, among other things, a preliminary injunction
prohibiting defendants from engaging in certain illegal activi-
ties including participation in any pyramid or chain sales
schemes prohibited by G.S. 14-291.2 and referral sales declared
unlawful by G.S. 25A-37. On the same day a show cause order
was entered upon the motion of plaintiff ordering defendants
to appear and show cause why the injunction should not be
granted. The show cause hearing was held before Canaday,
Judge, on 22 March 1972 at which time plaintiff introduced
thirteen affidavits in support of its motion for a preliminary
injunction. Defendants did not offer affidavits or other evi-
dence. On 27 March 1972, an order for a preliminary injunction
was entered. Defendants appealed.

*Attorney General Robert Morgan by Staff Attorney Don-
ald A. Davis for plaintiff appellee.*

*Broughton, Broughton, McConnell & Boxley by Charles P.
Wilkins and John D. McConnell, Jr., for defendant appellants.*

VAUGHN, Judge.

[1] Defendants contend that the thirteen affidavits were not
admissible into evidence at the show cause hearing. This con-
tention is based on the following wording of G.S. 1-485 (1):

"When it appears by the complaint that the plaintiff is entitled to the relief demanded, . . ." We do not agree with defendants' contention that, if proceeding under G.S. 1-485(1) for a preliminary injunction, the court is limited to what appears in the complaint. Our courts have historically heard motions for preliminary injunction on affidavits. In *Huggins v. Board of Education*, 272 N.C. 33, 157 S.E. 2d 703 (1967) the application for a temporary injunction was heard upon affidavits. In *Milk Commission v. Food Stores*, 270 N.C. 323, 154 S.E. 2d 548 (1967) .at the show cause hearing, the matter was heard upon affidavits. For other cases where the same procedure was followed see: *Board of Elders v. Jones*, 273 N.C. 174, 159 S.E. 2d 545 (1968) ; *Schloss v. Jamison*, 258 N.C. 271, 128 S.E. 2d 590 (1962) ; *Conference v. Creech* and *Teasley v. Creech and Miles*, 256 N.C. 128, 123 S.E. 2d 619 (1962) ; *Causby v. Oil Co.*, 244 N.C. 235, 93 S.E. 2d 79 (1956) ; *Collins v. Freeland*, 12 N.C. App. 560, 183 S.E. 2d 831 (1971). Rule 65 of the Rules of Civil Procedure recognizes that preliminary injunctions are sought by motion. G.S. 1A-1, Rule 7(b) (1) provides that an application to the court for an order shall be by motion, and G.S. 1A-1, Rule 43 (e) provides: "When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions."

Accordingly, both before and after the adoption of the new rules of civil procedure, it was and is proper for the court to consider evidence by affidavits in show cause hearings for. injunctions. Defendant's contention that G.S. 1-485(1) prohibits this is overruled.

[2] Defendants also contend that the court erred in concluding as a matter of law that the State of North Carolina, through economic loss to its individual citizens and residents, may suffer immediate and irreparable injury unless the defendants are enjoined during the pendency of this action. Defendants contend that the conclusion is not supported by the findings of fact and that any person damaged will have an adequate remedy at law. We do not agree with this contention. G.S. 14-291.2 prohibits pyramid and chain schemes such as alleged in the instant case. Section (c) of that statute provides for injunctive relief from the continuation of such schemes. The pleadings and affidavits tend to show an effort to continue such schemes

within the State. G.S. 25A-37 forbids referral sales schemes. G.S. 25A-44(4) makes the knowing and willful violation of any provision of Chapter 25A an unfair trade practice under G.S. 75-1.1. G.S. 75-14 provides for permanent or temporary injunctions and temporary restraining orders to carry out the provisions of the chapter. In *State Ex Rel Turner v. Koscot Interplanetary, Inc.*, 191 N.W. 2d 624 (Iowa, 1971) a case involving another Glenn Turner enterprise similar to Dare To Be Great, Inc., (it dealt with cosmetics instead of motivational courses,) the court enjoined the defendant although a section in the Iowa Code (713.24(2b)) provided an individual remedy. We hold, therefore, that even though individual remedies may exist, the statutes provide for injunctive relief at the instance of the State. To hold otherwise would, we believe, cripple the legislative intent to provide an effective means of curbing illegitimate business schemes and protecting the consumers of our State.

Defendants present several other assignments of error. We have considered each of them and the same are overruled. The order from which defendant appealed is affirmed.

Affirmed.

Judges PARKER and GRAHAM concur.