STATE OF NORTH CAROLINA v. JERRY LEE SELPH

No. 7611SC904

(Filed 4 May 1977)

Criminal Law § 101— conversation between juror and accomplice's mother
— sufficiency of trial court's inquiry

Defendant was not prejudiced by the alleged misconduct of one of the jurors where the evidence showed that officers observed a juror talking to the mother of defendant's alleged accomplice, who was not on trial with defendant but whose name was mentioned often; the officers could not hear the conversation but reported the fact that it took place to the attorneys for the State and defendant just before the jury returned its verdict; the verdict was guilty; counsel for de-

fendant moved to question the juror involved on *voir dire;* the court then questioned the jury generally as to whether any of them had talked to anyone during the noon recess about the case; and the jury, including the juror involved in the suspicious conversation, remained silent in the face of the judge's questioning.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 21 July 1976 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 7 April 1977.

Defendant was indicted for felonious breaking and entering with intent to commit larceny. At the trial, the State's evidence tended to show that defendant and an accomplice, Steve Aswald, broke into Jack P. Austin's drugstore in Four Oaks, North Carolina with the intention of stealing drugs. Defendant offered no evidence.

Facts pertinent to this appeal show that on the day of defendant's trial, during the lunch recess, two police officers saw juror number seven, Mrs. Annie Pearl Small Irving, in private conversation with the mother of Steve Aswald, defendant's alleged accomplice. Though Steve Aswald was not on trial with the defendant his name was mentioned often, and his mother was frequently in the courtroom. The police officers who observed this conversation between Mrs. Irving and Mrs. Aswald did not overhear what was said. Nor did the officers witness the beginning or end of the conversation; they only saw the two women, returning from lunch, climb a flight of stairs and walk down a hall together toward the courtroom. Because this conversation seemed improper, the police officers told the attorneys for the State and the defendant about it; however, the officers were unable to do so until just before the jury returned with its verdict.

The verdict was guilty. Counsel for the defendant then moved to question Mrs. Irvin on *voir dire.* The jury was asked to retire, and the court allowed counsel for the parties to question the police officers, who testified to the facts stated above. Thereafter, the following occurred:

"THE COURT: . . . All right, any further evidence from the Defendant?

"[DEFENSE COUNSEL]: No further evidence, Your Honor.

"THE COURT: Do you want to be heard?

State v. Selph

"[DEFENSE COUNSEL] : Yes, sir, to be sure. Your Honor. . . .

"THE COURT: Before you start, let me tell you what I'm going to do. I am going to call the jury in and ask them if anyone has talked to them about this case, and then I'll see from there, but I do not intend to bring a juror out here on this information and cross examine a juror as to what goes on, until I have more information."

DEFENDANT'S EXCEPTION NO. 14

"[DEFENSE COUNSEL] : Well, Your Honor, if you will tell us what further evidence you want, we will try to get it to you.

"THE COURT: Mr. Dobson, you've got to bring the evidence before me, and I've got to rule on it. I can't put my own evidence up and rule on that both. All right, let the jury come in and have a seat.

(Jury returned to box at 4:40 P. M.)

"Now Ladies and Gentlemen, it has been brought to my attention that possibly some member of the jury panel talked with somebody during the Noon recess, and I am sure all of you talked to somebody during the Noon recess, but my inquiry is to whether someone mentioned this case to any member of the jury during the Noon recess or at any other time since you've been impaneled and started the trial of this case this morning?

(No response from any juror.)

"I take it that no one has mentioned this to you outside of what you've talked about in your jury deliberations?

(No response from any juror.)

"All right, sir. All right, anything else of this jury?"

From judgment imposing a sentence of not less than eight nor more than ten years defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Ralf F. Haskell and Associate Attorney Elisha H. Bunting, Jr., for the State.*

*James W. Narron for defendant appellant.*

ARNOLD, Judge.

The principal argument on this appeal concerns the possibility of misconduct by one of the jurors. Defendant contends that his attorney should have been allowed to question vigorously this juror as to whether she talked to Mrs. Aswald about the case. The trial judge, according to defendant, misapplied an axiom of common law announced by Lord Mansfield in *Vaise v. Delaval,* 1 T.R. 11, 99 Eng. Rep. 944 (K. B. 1785), which says that a juror will not be heard to impeach his own verdict. This rule apparently was first followed in North Carolina in *Suttrell v. Dry,* 5 N.C. 94 (1805).

Counsel for defendant, in an excellent and lucid brief, argues that defendant has been denied his constitutional rights to an impartial jury and to confront witnesses against him. *Parker v. Gladden,* 385 U.S. 363, 17 L.Ed. 2d 420, 87 S.Ct. 468 (1966). He also contends that because he was refused permission to examine the juror (" . . . the one person present who knew what actually happened . . . ") there was a denial of due process. Defendant asserts that these rights were violated because he was not allowed to examine the juror, or because the trial judge failed to conduct a vigorous examination of her. He argues that the judge should have made findings of fact and conclusions of law regarding allegations and evidence of possible jury misconduct, and that Mrs. Irving's conduct was so suspicious that the judge abused his discretion by not conducting a more vigorous examination. We do not agree.

Defendant relies on many federal cases to support his constitutional arguments. The leading case is *Parker v. Gladden, supra,* wherein substantial evidence showed that the bailiff told several jurors that the defendant was "wicked" and "guilty." The United States Supreme Court held that these remarks violated the defendant's rights to an impartial jury and to confront the witnesses against him, i.e., the bailiff. The court further held that the bailiff's remarks were so prejudicial as to violate due process. In other words, their probable effect on a typical juror would reasonably appear to be harmful beyond any cure. *Parker,* of course, is distinguishable from the case at bar, because the bailiff's remarks were known and obviously prejudicial. In the present case, Mrs. Aswald's remarks are unknown, and thus, those parts of *Parker* which consider ir-

reparable inherent violations of due process and the right to cross examine witnesses are inapposite.

Defendant cites numerous cases in support of his contention that his rights have been violated. Most are distinguishable in that the trial court refused to hold any sort of hearing to determine the facts of the alleged jury misconduct. *See U. S. v. Remmer,* 347 U.S. 227, 98 L.Ed. 654, 74 S.Ct. 450 (1954) ; *U. S. v. Howard,* 506 F. 2d 865 (5th Cir. 1975) ; *Oakes v. Howard,* 440 F. 2d 1075 (6th Cir. 1971) ; *Richardson v. U. S.,* 360 F. 2d 366 (5th Cir. 1966). These cases all involve specific allegations of misconduct supported by direct evidence, and the various trial courts erred in refusing to hold hearings.

In two other cases the trial court conducted an inadequate hearing in its attempt to discover and evaluate jury misconduct. These are: *U. S. ex rel. Tobe v. Bensinger,* 492 F. 2d 232 (7th Cir. 1974), and *Morgan v. U. S.,* 380 F. 2d 915 (5th Cir., 1967). In both cases the hearings were, under the circumstances, manifestly inadequate. In *Bensinger,* the hearing was abbreviated, and the findings ignored some of the uncontradicted evidence. In *Morgan,* the trial court's findings were ambiguous.

In the case at bar, the trial judge's inquiry was sufficient to guarantee an impartial jury and to satisfy due process. The trial judge in North Carolina traditionally has conducted these inquiries according to his sound judicial discretion. *Stone v. Baking Co.,* 257 N.C. 103, 125 S.E. 2d 363 (1962) ; *State v. Drake,* 31 N.C. App. 187, 229 S.E. 2d 51 (1976). The hearing which the judge held was an exercise in sound discretion. His inquiry, though not in a vigorous and adversary manner, was unmistakably clear and broad enough. It was addressed to the entire jury so as to elicit from Mrs. Irving, or any member of the jury, whether there had been improper conversation with anyone concerning this case. Mrs. Irving's silence, and the silence of her fellow jurors, supports the conclusion that no improper conversation occurred. Denial of defendant's motions for mistrial and new trial on grounds of jury misconduct amounts to a finding by the trial court that no misconduct occurred. *State v. Waddell,* 279 N.C. 442, 183 S.E. 2d 644 (1971) ; *State v. Sneeden,* 274 N.C. 498, 164 S.E. 2d 190 (1968).

Defendant's remaining assignments of error have been reviewed, and we find no prejudicial error. The State delayed

too long before taking defendant before a district court judge for his initial appearance. G.S. 15A-601(c). However, this delay is not prejudicial error. *State v. Burgess,* (No. 7620SC744, filed 20 April 1977). Nor did the judge commit prejudicial error by admitting allegedly irrelevant testimony that defendant was armed while breaking into the drugstore. Other evidence against defendant completely overwhelmed the effect of this small bit of evidence. The decision against defendant could not have been different had this testimony been excluded. Finally, though certain testimony concerning defendant's cache of drugs may have been inadmissible, the defendant did not make a timely objection to this, and so his objection is waived. *State v. Blount,* 20 N.C. App. 448, 201 S.E. 2d 566 (1974).

In defendant's trial we find no prejudicial error.

No error.

Judges Morris and Hedrick concur.