For the reasons stated, the judgment is affirmed.

Affirmed.

Judges ERWIN and HILL concur.

---

STATE OF NORTH CAROLINA v. LEWIS COLLINS

No. 7925SC463

(Filed 20 November 1979)

1. **Incest § 1— intercourse with stepchild—sufficiency of evidence**

    In a prosecution of defendant for incest, evidence was sufficient to be submitted to the jury where it tended to show that defendant had sexual intercourse with his stepchild, a person within the proscription of G.S. 14-178, and that defendant knew the person was related to him.

2. **Criminal Law § 21; Constitutional Law § 28— delay in bringing defendant before magistrate—no prejudice**

    Defendant was not prejudiced by a delay of twenty days in bringing him before a district court judge and having counsel appointed for him, since defendant had the advice of counsel from 25 August up until and through the trial which began on 20 November; defendant made no showing that, because of the delay, he was unable to locate witnesses who would testify to the character and to the actions of his stepdaughter; and defendant's right not to testify and his right to call witnesses were explained to him, and defendant did call witnesses in his behalf.

3. **Incest § 1; Rape § 12— incest—statutory rape not lesser offense**

    Statutory rape is not a lesser included offense of incest. G.S. 14-178; G.S. 14-26.

APPEAL by defendant from *Ervin, Judge.* Judgment entered 27 November 1978 in Superior Court, CALDWELL County. Heard in the Court of Appeals 25 September 1979.

Defendant was charged with taking indecent liberties with a child in violation of G.S. 14-202.1 and incest in violation of G.S. 14-178. On defendant's motion at the close of State's evidence, the indecent liberties charge was dismissed. The jury returned a verdict of guilty of the statutory crime of incest, and judgment imposing a prison sentence was entered. Defendant appeals.

*Attorney General Edmisten, by Associate Attorney Christopher P. Brewer, for the State.*

*Beal and Beal, by Robert J. Robbins, Jr., for defendant appellant.*

VAUGHN, Judge.

[1] Defendant questions the sufficiency of the evidence as a matter of law to convict him of the crime of incest. The trial court did not err in refusing to direct a verdict in defendant's favor for the evidence, when taken in the light most favorable to the State, is sufficient to take to the jury. The evidence shows that Brenda Sue Taylor, age fifteen, is the stepdaughter of defendant who was married to her mother on 20 December 1973. Brenda Sue attended and witnessed the wedding. She lived with her mother and stepfather. On Saturday, 4 March 1978, Brenda Sue awoke, dressed and went into her parents' bedroom to watch television between 7:00 and 7:30 a.m. She found her mother, stepfather and younger sister already watching television. Her stepfather told her younger sister to go feed her pet goat. He told her mother to go fix breakfast. After the others had left the room, he got up naked from the bed and walked to the door and closed it. He pulled Brenda Sue's pants off and had sexual intercourse with her on the bed. Brenda Sue's younger sister on returning to the house from feeding her pet goat passed the bedroom window and observed her stepfather and sister engaged in intercourse. Defendant had been having sexual intercourse with Brenda Sue since she was eleven years old. Testimony by Brenda Sue and her younger sister to this effect was corroborated by a school counselor and a social worker to whom the offense and other abuses in the home were first reported. This was sufficient proof

State v. Collins

of a violation of G.S. 14-178 to take to a jury. The State's evidence established that defendant had sexual intercourse with his stepchild, a person within the proscription of the statute, and that defendant knew the person was related to him. The three elements of the crime of incest were sufficiently established as a matter of law. *State v. Vincent,* 278 N.C. 63, 178 S.E. 2d 608 (1971).

Defendant asserts the element of sexual intercourse was not proven. Brenda Sue testified defendant pushed her down on the bed and had intercourse with her. She described sexual intercourse as "a man putting his private parts into a girl's private parts." The weight to be given her testimony was for the jury.

We need only point out one further matter on this issue of sufficiency of the evidence. Because the marriage certificate for defendant and the mother of the girl with whom he allegedly had intercourse was not introduced, defendant contends the *best evidence* was not before the trial court. The contents or terms of the marriage certificate are not in question. The best evidence rule is inapplicable to this case. *See* 2 Stansbury, N.C. Evidence § 191 (Brandis rev. 1973).

[2] Defendant contends the trial court should have quashed the warrant because he was not given a first appearance before a district court judge within ninety-six hours after being taken into custody in violation of G.S. 15A-601. The record shows defendant was taken into custody on 5 August 1978 and counsel was appointed 25 August. The record contains several references to testimony at an earlier hearing but no indication of a first appearance hearing. Even assuming no first appearance hearing or a failure to meet the necessary time requirements for such a hearing, G.S. 15A-601 does not prescribe mandatory procedures affecting the validity of a trial in the absence of showing some prejudice to the defendant in the violation of the statutory requirements. *State v. Selph,* 33 N.C. App. 157, 234 S.E. 2d 453 (1977); *State v. Burgess,* 33 N.C. App. 76, 234 S.E. 2d 40 (1977). In considering whether a criminal defendant is denied his constitutional rights of due process, assistance of counsel and confrontation of one's accusers and the witnesses against him, no set length of time is guaranteed or required. Each case should be considered individually. *See State v. McFadden,* 292 N.C. 609, 234 S.E. 2d 742 (1977).

Defendant hypothesizes that he was prejudiced in not having counsel timely appointed, in investigating the criminal allegations against him and in securing witnesses and evidence. Defendant had advice of counsel from 25 August up until and through the trial which began on 20 November 1978, and we consider this sufficient and timely assistance of counsel. Defendant's main allegation of prejudice is in being unable to locate witnesses who would testify to the character and to the actions of defendant's stepdaughter. Defendant, nevertheless, called his stepdaughter's principal, the wife of a friend who was also a family friend, two children of the community and a neighborhood acquaintance of the family as witnesses, all of whom testified about the character and actions of both of defendant's stepdaughters. Defendant gave no indication by name or description of anyone who knew more. Further, the trial judge conducted a *voir dire* examination of defendant about his understanding of his right not to testify along with the consequences if he did and his right to call witnesses in his own behalf. On the right to call witnesses, defendant provided only one name, which was that of an acquaintance who could testify to defendant's whereabouts on the day in question. Defendant did call several witnesses who testified to his whereabouts and his being separate and apart from his stepchild for most of the day. Although the apparent delay of twenty days in bringing defendant before a district court judge and having counsel appointed is not to be applauded, we find no prejudice to this defendant.

[3] The charge to the jury permitted a finding of guilty of incest or not guilty. The defendant contends this was error and that the jury should have been instructed on lesser included offenses supported by the evidence. Defendant argues the crime of statutory rape set out in G.S. 14-26 is a lesser included offense. Although both crimes are felonies, incest carries a maximum sentence of fifteen years while statutory rape for a male carries a maximum sentence of ten years. G.S. 14-2, 14-26, 14-178. Statutory rape, however, is not a lesser included offense of incest. The gravamen of the crime of incest is intercourse between parties within the degree of relationship set out in the statute. Criminal incest does not involve the issues of age and virginity that are set out in G.S. 14-26, the statute defining the crime.

Finally, defendant contends the trial judge in his instruction to the jury violated G.S. 1-180 in giving less weight to the contentions of defendant's witnesses. This statute was repealed effective 1 July 1978 and has no application to this trial held in November, 1978. Nonetheless, an examination of the jury instruction in the light of G.S. 15A-1222 and 15A-1232, the successors to former G.S. 1-180, fails to disclose prejudicial error.

No error.

Judges ERWIN and HILL concur.