MALCOLM M. LOWDER, MARK T. LOWDER AND DEAN A. LOWDER, PLAIN-
TIFFS v. ALL STAR MILLS, INC., LOWDER FARMS, INC., CAROLINA
FEED MILLS, INC., ALL STAR FOODS, INC., ALL STAR HATCHERIES,
INC., ALL STAR INDUSTRIES, INC., TANGLEWOOD FARMS, INC., CON-
SOLIDATED INDUSTRIES, INC., AIRGLIDE, INC., AND W. HORACE
LOWDER, DEFENDANTS, AND CYNTHIA E. LOWDER PECK, MICHAEL W.
LOWDER, DOUGLAS E. LOWDER, LOIS L. HUDSON, INDIVIDUALLY AND AS
GUARDIAN AD LITEM FOR STEVE H. HUDSON, BRUCE E. HUDSON, BILLY J. HUD-
SON, ELLEN H. BALLARD, JENELL H. RATTERREE, DAVID P. LOWDER, JUDITH R.
LOWDER HARRELL, EMILY P. LOWDER CORNELIUS AND MYRON E. LOWDER, IN-
TERVENING DEFENDANTS

No. 8220SC255

(Filed 15 February 1983)

1. Judges § 5— failure to recuse judge proper
      A trial judge properly ruled that another judge should not have recused
   himself in a stockholders' derivative action where the trial judge did not
   demonstrate that he was biased or prejudiced for or against any party to the
   action.

2. Appeal and Error § 68— same arguments presented in another appeal—law of
the case
      In a stockholders' derivative action where the same arguments were
   brought forward in a companion case and ruled on in a prior opinion by the ap-
   pellate court, under the law of the case, all the factual questions ruled upon in
   the prior decision ruled the case before the Court.

---

---

**3. Judges § 5; Rules of Civil Procedure § 43— hearing on motion for recusal of judge—limiting evidence to affidavits—no abuse of discretion**

     Under G.S. 1A-1, Rule 43(a) a trial judge's decision to hear a motion for another judge's recusal only on affidavits did not reveal an abuse of discretion.

APPEAL by six defendants only: All Star Foods, Inc., All Star Hatcheries, Inc., All Star Industries, Inc., Consolidated Industries, Inc., Airglide, Inc., and W. H. Lowder, from *Mills, Judge.* Order filed 12 February 1982 in Superior Court, STANLY County. Heard in the Court of Appeals 19 January 1983.

Appellants filed a motion on 29 May 1981 seeking to have Judge Thomas W. Seay, Jr., recuse himself in this stockholders' derivative action wherein receivers have been appointed for seven corporations. The case is yet to be tried on its merits. These same parties have been before the appellate division previously on related matters as shown in 45 N.C. App. 348, 263 S.E. 2d 624 (1980), 301 N.C. 561, 273 S.E. 2d 247 (1981), and 60 N.C. App. 275, 300 S.E. 2d 230 (1983). Judge Seay is the Senior Resident Superior Court Judge of the Nineteenth Judicial District. During the Spring Sessions of 1979, Judge Seay was the regularly assigned Judge in the Twentieth Judicial District, which includes Stanly, Union, and Richmond Counties, wherein it is alleged Judge Seay made certain orders in the case.

Judge Seay, while not recusing himself, declined to rule on the factual matters alleged in the motion but referred the motion to Judge F. Fetzer Mills, the Senior Resident Judge of the Twentieth Judicial District. By order of Judge Charles T. Kivett, dated 10 November 1981, the Attorney General's office was appointed to represent the interests of Judge Seay.

A hearing on the merits of the motion to recuse was heard before Judge Mills in January 1982. On 12 February 1982 Judge Mills entered an order denying the motion to recuse Judge Seay. The hearing before Judge Mills was on affidavits and briefs, the defendants' motion to allow live witnesses and cross-examination having been denied.

As a further statement of the facts, we adopt the following language taken substantially from the brief for the State as relevant and as supported by a review of the record.

On 15 January 1979, prior to the initial hearing on the case scheduled for 22 January 1979, Horace Lowder and his wife appeared before Judge Seay and requested a continuance; this was denied and Judge Seay urged Lowder to hire an attorney. Notwithstanding this advice, Lowder appeared to defend himself and the corporations of which he was president without an attorney. He was also appearing without a lawyer in the federal tax cases then pending. At the end of the hearings on 22 January and 29 January 1979, the Court, on 5 February 1979, entered a receivership order placing the companies under the authority of John M. Bahner, Jr., and Henry S. Doby, Jr. The court, over plaintiffs' objections, allowed Horace Lowder to remain working for the companies so long as he cooperated with the receivers. This order was subsequently modified when the receivers informed the court that Horace Lowder would not cooperate with them and would not abide by the receivership order. In early February, the receivers, who were vested with the responsibility for hiring attorneys and accountants to try to defend against the pending federal tax trials, and who had unsuccessfully contacted a law firm in Charlotte, discussed with Judge Seay hiring the firm of Moore and Van Allen, who represented the plaintiffs, as receivers' attorneys. They also discussed hiring Brown, Brown and Brown as tax attorneys, since Lane Brown had done prior tax work for the companies. The receivers and the prospective attorneys went to see Judge Seay in Richmond County to decide if such an appointment could be made. After checking with the State Bar, Judge Seay issued an order permitting this employment, but warning if conflicts arose, the receivers should inform the court. Horace Lowder was not present at this conference. Thereafter, Horace Lowder employed Ernest DeLaney to represent him, and counsel has since that time filed numerous motions opposing the receivership. Mr. Lowder was held by the court to be in contempt due to his failure to cooperate with the receivership order, but this contempt finding was subsequently vacated by the Supreme Court in *Lowder v. All Star Mills, supra.*

On 24 April 1979, Lowder filed a Chapter XI bankruptcy proceeding which divested the state receivers of jurisdiction over the corporations and reinvested the assets in Horace Lowder as debtor in possession. Judge Seay called Judge Wolfe, the bankruptcy judge, and inquired as to whether the corporations had, in fact,

gone into Chapter XI since such a filing would divest the state court of jurisdiction. Thereafter, the plaintiffs' attorneys requested the case be converted to a Chapter X proceeding, which required the appointment of a trustee. Trustees were appointed. After Judge Reynolds dismissed the proceedings, the case was sent back to state court and the receivers reinvested with the assets.

Judge Seay signed an order retaining jurisdiction in the case on 26 June 1979, and then held hearings in Moore County, over the objections of Lowder and his corporate defendants, to set receivers fees and to authorize the receivers to deal with certain pending business decisions of the companies.

In early May, 1981, Judge Seay held three weeks of hearings on various motions filed by the receivers and defendants. At the conclusion of the three weeks, Ernest DeLaney, on behalf of his clients, filed the recusal motion which is the subject of this appeal.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Joan H. Byers for the State.*

*DeLaney, Millette, DeArmon and McKnight by Ernest S. DeLaney for defendant appellants.*

BRASWELL, Judge.

A ruling on a motion to recuse a trial judge is an interlocutory order and is not immediately appealable. *See Industries, Inc. v. Insurance Co.*, 296 N.C. 486, 251 S.E. 2d 443 (1979). However, since an accusation about a judge's partiality goes to the fundamental issue of maintaining confidence in our court system, we have elected to treat the case as though a petition for certiorari had been allowed and to proceed to the merits, as should the parties henceforth with the case.

[1] We hold that Judge Mills' order correctly concluded, based upon the factual supporting evidence in the record and the law applicable thereto, that Judge Thomas W. Seay, Jr. "has not demonstrated that he is biased or prejudice [*sic*] for or against any party," and that Judge Seay has not given "the appearance of bias or prejudice for or against any party." Judge Seay should not have recused himself. Judge Mills ruled correctly in ordering

Judge Seay not to be removed. The appellants' motion was properly denied. *Compare, Bank v. Gillespie*, 291 N.C. 303, 230 S.E. 2d 375 (1976), and *Ponder v. Davis*, 233 N.C. 699, 65 S.E. 2d 356 (1951).

From the nine assignments of error four questions were presented for review. Before asserting a catch-all fourth question of whether the judge should recuse himself or be recused, the appellants' counsel inquires (1) whether Judge Mills correcty limited the evidence to affidavits, (2) whether Judge Seay acted properly in allowing Horace Lowder to appear on behalf of the corporate defendants, and (3) whether Judge Seay's meeting with the receivers and their attorneys in Richmond County was proper.

[2] At the outset we note that the same motion to recuse Judge Seay, listing the same eight alleged specific instances of bias and including the same subject matter brought forward here under questions 2, 3, and 4, was discussed in a companion opinion of this Court filed 18 January 1983, *Lowder v. All Star Mills, Inc., supra.* While the companion opinion did not rule upon the issue of whether Judge Seay should have recused himself permanently from the case, it did rule that he was not required to recuse himself before ruling on 19 pretrial motions. After listing and considering the cases cited and relied on by the appellant, our Court said: "In none of those cases did the party making a motion for recusal wait until the presiding judge had virtually concluded the hearings. In this case, Judge Seay had conducted hearings for three weeks on 19 motions. We believe he acted properly in ruling on the motions before referring the matter to some other judge for a hearing on the motion for recusal." *Lowder, supra* at 293, 300 S.E. 2d at 241. To the contention advanced in the January opinion and in our record that only recently had it been revealed to appellants' counsel that Judge Seay held an *ex parte* hearing without notice to defendants, the January opinion concluded: "We have held in this opinion that the appellants suffered no prejudicial error from that hearing." *Id.* Under the law of the case all the factual questions ruled upon in the 18 January 1983 decision, *Lowder, supra,* are *res judicata. Transportation, Inc. v. Strick Corp.*, 286 N.C. 235, 210 S.E. 2d 181 (1974); *Carpenter v. Carpenter*, 25 N.C. App. 235, 212 S.E. 2d 911, *cert. denied,* 287 N.C. 465, 215 S.E. 2d 623 (1975); 1 Strong's N.C. Index 3d *Appeal and Error* § 68 (1976).

In the January opinion of *Lowder, supra* at 285, 300 S.E. 2d at 236, our Court discussed the allegation that "the corporations did not have an attorney [at the show cause hearing on the appointment of receivers] but were represented by W. Horace Lowder, a layman. They contend it is a violation of public policy for a layman to act as an attorney . . . ." This is the same basic argument as presented in the second question before us. For the same reasons given by our Court in *Lowder, supra,* as well as the law of the case, *Transportation, Inc. v. Strick Corp., supra,* this assignment of error is overruled.

The third question alleges that Judge Seay conducted an improper *ex parte* hearing out of Stanly County and in Richmond County in February 1979. In their brief appellants now say: "The defendants do not claim or allege any impropriety in the receivers' meeting and conferring with Judge Seay," but now basically contend that Judge Seay acted improperly in conducting an *ex parte* hearing which affected appellants' substantial rights out of term and out of county. This identical subject has been ruled upon adverse to appellants in the January opinion, *Lowder, supra* at 282-83, 300 S.E. 2d at 235, and is now the law of the case.

[3]   Thus, there remains for us only the procedural challenge of the way Judge Mills conducted the hearing on the motion for Judge Seay to be recused. Judge Mills limited the evidence before him to affidavits. The appellant complains that he was denied the right to cross-examine the persons submitting affidavits and was denied a right to present oral testimony.

A recusal motion is a pretrial motion. It does not go to the merits of the pleadings. Rule 43(a) of the Rules of Civil Procedure provides the form of receiving evidence in court by stating, "In all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by these rules." The rules do "otherwise provide" through Rule 43(e):

> "When a motion is based on facts not appearing of record the court *may* hear the matter on affidavits presented by the respective parties, but the court *may* direct that the matter be heard wholly or partly on oral testimony or depositions." (Emphasis added.)

Judge Mills' decision to hear the motion only on affidavits is in keeping with our Rules of Civil Procedure and is fully sup-

ported in the cases. Abuse of judicial discretion is not revealed. For pretrial motion hearings it is affidavits and not oral testimony that is the preferred form of evidence. *Pearce Young Angel Co. v. Enterprises, Inc.,* 43 N.C. App. 690, 260 S.E. 2d 104 (1979). *See also, Insurance Co. v. Chantos,* 21 N.C. App. 129, 203 S.E. 2d 421 (1974); *Morgan, Attorney General v. Dare To Be Great,* 15 N.C. App. 275, 189 S.E. 2d 802 (1972). In a hearing on motion for relief from default judgment where judge limited evidence to oral testimony, *compare Webb v. James,* 46 N.C. App. 551, 265 S.E. 2d 642 (1980).

The appellant places his reliance upon *Shepherd v. Shepherd,* 273 N.C. 71, 77, 159 S.E. 2d 357, 362 (1968); and *In re Custody of Gupton,* 238 N.C. 303, 77 S.E. 2d 716 (1953). We conclude neither is apropos. Both *Shepherd* and *Gupton* involved evidence leading to final custody of a child. They involved evidence on a claim or defense which turned upon a final factual adjudication on the merits of the case itself. This recusal motion does not affect the final outcome on the merits of the stockholders' derivative claim.

We hold that the procedure adopted and followed by Judge Mills was proper. Because of the seriousness of the challenge to Judge Seay's partiality we have, nonetheless, examined all the findings of fact and conclusions of law as set out in Judge Mills' order, and find the order to be fully supported by the record.

Affirmed.

Chief Judge VAUGHN and Judge WELLS concur.