STATE OF NORTH CAROLINA v. FLOYD RUFUS FIE and STEVE HARVER-
SON

No. 8530SC1236

(Filed 20 May 1986)

1. Conspiracy § 4.1— conspiracy to commit larceny—insufficiency of indictment

Indictments were insufficient to charge defendants with conspiracy to commit larceny.

2. Criminal Law § 171.1— error relating to one charge—only one sentence imposed

Where defendants were convicted of both conspiracy to commit breaking and entering and conspiracy to commit larceny, two crimes of the same grade, and only one sentence was imposed against each of them, any error regarding the conspiracy to commit larceny indictments could not have affected the verdict on the conspiracy to commit breaking or entering charges.

3. Criminal Law § 11— removal of truck from scene after crimes committed—no accessory after the fact

Evidence that defendant removed his truck from the scene of the crimes after the truck had been used to facilitate the crimes was insufficient to support the verdict of guilty to accessory after the fact of breaking and entering and larceny.

4. Criminal Law § 92.1— defendants charged with same offense—consolidation proper

Where both defendants were convicted of conspiracy to commit the same instance of breaking or entering and larceny, joinder was proper under N.C.G.S. § 15A-926(b) and did not deprive defendant of a fair trial.

5. Criminal Law § 10; Conspiracy § 3— conviction for accessory before the fact and conspiracy proper

Defendant could be convicted of both accessory before the fact and conspiracy, since accessory before the fact requires actual commission of the contemplated felony while conspiracy does not, and conspiracy requires an agreement while an accessory need not agree to anything.

6. Criminal Law § 34.2— defendant's guilt of other offenses—admission of evidence harmless error

In a prosecution of defendant for conspiracy to commit breaking or entering, accessory before the fact to breaking or entering and accessory before the fact to larceny, the trial court's error in allowing an SBI agent to testify that marijuana was found in defendant's house was not prejudicial to defendant in light of the direct evidence against defendant and the utter irrelevance of marijuana possession to the charges on which defendant was ultimately convicted. N.C.G.S. 8C-1, Rule 404(b).

**7. Criminal Law § 75.2— voluntariness of confession—statements by officers**

There was no merit to defendant's contention that it was error for the trial court to find that there was no inducement for defendant to admit ownership of marijuana when the State's own evidence indicated that police told defendant that both defendant and his girlfriend would be arrested for possession of marijuana based on constructive possession, since there was no evidence in the record indicating that the motivation for defendant's confession originated with anyone other than defendant.

Judge MARTIN concurring.

Judge WELLS dissenting.

APPEAL by defendants from *Burroughs, Judge.* Judgments entered 29 August 1984 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 14 April 1986.

At trial the State presented evidence tending to show the following: On 15 September 1978, defendant Floyd Fie discussed breaking into Doctor Guy Abbate's office with David Chambers, Mitchell Pakulski, Elliot Rowe, III, and Donna Rowe Porietis. Floyd Fie agreed to fence property stolen from the office. After the discussion with Floyd Fie, Chambers, Pakulski, Rowe and Porietis discussed the plan to break into Doctor Abbate's office with defendant Steve Harverson. Harverson lent his truck to Chambers, Pakulski and Rowe and agreed to break into Doctor Abbate's office. Ultimately Harverson did not directly participate in the break in but did allow his truck to be used. Chambers, Pakulski and Rowe broke into Doctor Abbate's office while Porietis acted as a lookout. During the break in, Willard Setzer, a security guard, was murdered. On the day after the break in, defendant Harverson drove his truck away from the scene of the crime.

Pakulski, Rowe and Porietis were tried separately from defendants in the present case. Chambers was granted immunity for his testimony. From judgments convicting him of conspiracy to commit breaking or entering, conspiracy to commit larceny, accessory before the fact to breaking or entering, accessory before the fact to larceny, accessory after the fact to breaking or entering and accessory after the fact to larceny, defendant Harverson appealed. From a judgment convicting him of conspiracy to commit breaking or entering, conspiracy to commit larceny, and accessory before the fact to breaking or entering and accessory before the fact to larceny, defendant Fie appealed.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Joan H. Byers, for the State.*

*John E. Shackelford for defendant, appellant, Floyd Rufus Fie.*

*Assistant Appellate Defender Geoffrey C. Mangum for defendant, appellant, Steven Harverson.*

HEDRICK, Chief Judge.

[1]  Both defendants contend the trial court erred in submitting the conspiracy to commit larceny charges to the jury because defendants were never properly indicted for these crimes. The indictments in question are identical except for defendants' name:

> THE GRAND JURORS FOR THE STATE UPON THEIR OATH PRESENT, That [defendant], Mitchell, John Pakulski, Elliott Clifford Rowe III, Donna Rowe (now Porietis), David Chambers and others, late of the County of Haywood on the 17th day of September 1978, with force and arms, at and in the County aforesaid, did unlawfully, wilfully, and feloniously agree, plan, combine, conspire and confederate, each with the other, to unlawfully, wilfully, and feloniously break and enter into a building occupied by Dr. Guy Abbate at 122 Church Street, Waynesville, N.C., used as a doctor's office with the intent to commit a felony therein, to-wit: Larceny.

The indictment form used gives reasonable notice of the conspiracy to commit felonious breaking and entering charge. It does not, however, charge defendant with conspiracy to commit larceny. It is elementary that a valid bill of indictment is essential to the jurisdiction of the trial court. *State v. Sturdivant*, 304 N.C. 293, 283 S.E. 2d 719 (1981). Therefore, the conspiracy to commit larceny judgments against both defendants must be arrested.

[2]  Arresting the conspiracy to commit larceny judgments does not affect the ten-year prison sentences imposed when the trial court consolidated the conspiracy to commit larceny judgments with the conspiracy to commit breaking and entering judgments. The circumstances before us are analogous to the circumstances in *State v. Daniels*, 300 N.C. 105, 265 S.E. 2d 217 (1980). In *Daniels*, our Supreme Court held that "[w]here the jury renders a verdict of guilty on each count of a bill of indictment, an error in

the trial or in the charge of the court as to one count is cured by the verdict on the other count where the offenses which are charged are of the same grade and punishable alike, only one sentence is imposed, and the error relating to one count does not affect the verdict on the other." *Id.* at 115, 265 S.E. 2d at 222-23. In the present case, defendants Harverson and Fie were convicted of both conspiracy to commit breaking and entering and conspiracy to commit larceny, two crimes of the same grade, and only one sentence was imposed against each of them. Any error regarding the conspiracy to commit larceny indictments could not have affected the verdict on the conspiracy to commit breaking or entering charges. The conspiracy to commit larceny judgments are arrested. We find no prejudicial error in the ten-year prison sentences entered on the conspiracy verdicts.

Defendant Harverson contends the trial court committed three more reversible errors. Defendant Harverson first argues that the trial court committed plain error in instructing the jury on conspiracy to commit larceny. Because the conspiracy to commit larceny judgment has been arrested, we need not address this issue.

[3] Defendant Harverson next contends that the evidence supporting charges of accessory after the fact of breaking or entering and larceny is insufficient as a matter of law. The evidence shows that Harverson removed his truck from the scene of the crimes after the truck had been used to facilitate the crimes. This evidence is insufficient to support the verdict. *See State v. Earnhardt*, 307 N.C. 62, 296 S.E. 2d 649 (1982). Although we must reverse defendant Harverson's conviction for acting as an accessory after the fact, we do not reverse the ten-year sentence imposed on Harverson. The trial court consolidated the judgments for acting as an accessory before the fact and acting as an accessory after the fact. The judgment for acting as an accessory before the fact is sufficient to support the sentence imposed. *See State v. Daniels*, 300 N.C. 105, 265 S.E. 2d 217 (1980).

We need not address defendant Harverson's final contention, that the trial court committed plain error in instructing the jury on the charge of accessory after the fact because the conviction for acting as an accessory after the fact is reversed.

[4] Defendant Fie raises fourteen issues on appeal. Fie first contends that the trial court erred in consolidating the trial of Fie and Harverson. Joining the charges against multiple defendants for a consolidated trial rests within the sound discretion of the trial judge. *State v. Porter*, 303 N.C. 680, 281 S.E. 2d 377 (1980). Both defendants were convicted of conspiracy to commit the same instance of breaking or entering and larceny. Thus, joinder was proper under G.S. 15A-926(b) and did not deprive defendant of a fair trial. *State v. Slade*, 291 N.C. 275, 229 S.E. 2d 921 (1976).

[5] Fie next contends that a defendant cannot be convicted of both accessory before the fact and conspiracy. Our Supreme Court has held that conspiracy and accessory before the fact are separate crimes which do not merge because accessory before the fact requires actual commission of the contemplated felony while conspiracy does not, and conspiracy requires an agreement while an accessory need not agree to anything. *State v. Looney*, 294 N.C. 1, 240 S.E. 2d 612 (1978).

Fie also argues that he was denied a fair trial because the trial court allowed the district attorney's office to represent the State, and because Judge Downs failed to disqualify Judge Burroughs from presiding. Fie asserts that the trial court erred by allowing Assistant District Attorneys Jerry Townson and Bert Neal to represent the State when Roy Patton, another Assistant District Attorney, had at one time represented defendant Harverson on the charges at issue. Assistant District Attorney Patton took no part in the State's investigation and prosecution of the defendants in this case. Defendant's assignment of error is overruled.

Fie contends that Judge Downs should have disqualified Judge Burroughs because Judge Burroughs wrote a letter to the District Attorney suggesting a grand jury investigation of Fie and Harverson because of evidence which came to light during the Willard Setzer murder trial. Judge Downs concluded that the letter did not constitute "such direct action against [the defendants] so as to warrant a recusal." We agree. *See Lowder v. All Star Mills, Inc.*, 60 N.C. App. 699, 300 S.E. 2d 241 (1983).

Defendant Fie asserts that the trial court erred in not allowing defense counsel to examine a juror concerning possible misconduct after jury selection. In the absence of controlling

statutory provisions or established rules, all matters relating to the orderly conduct of the trial or which involve the proper administration of justice in the courts are within the trial judge's discretion. *State v. Young*, 312 N.C. 669, 325 S.E. 2d 181 (1985). The scope of the trial court's discretion regarding investigations of possible jury improprieties is particularly wide. *State v. Selph*, 33 N.C. App. 157, 234 S.E. 2d 453 (1977).

In the present case, the trial court conducted a voir dire of the juror suspected of misconduct. It was not an abuse of discretion for the trial court to question the juror instead of allowing defense counsel to conduct the questioning.

Defendant Fie's arguments regarding errors made during the opening statements are also without merit. The trial court was well within its discretion to limit each defense counsel's opening statement to fifteen minutes. Defendant's contention that the trial court erred in "permitting the Prosecuting Attorney to tell the jury in his opening statement what a witness would testify to" borders on the frivolous.

[6] By his twelfth assignment of error defendant argues that the trial court erred in allowing State Bureau of Investigation Agent Crawford to testify that there were ladies' shoes, handbags and marijuana in defendant's house when it was searched. Defendant's contention with respect to the marijuana has merit. Evidence of other crimes such as possession of marijuana is not admissible to prove the character of a defendant although it may be admissible to prove such factors as motive, intent or identity. G.S. 8C-1, Rule 404(b). At trial, the following colloquy occurred:

Q. (Prosecutor) Did you see anything else there at Mr. Fie's?

MR. SHACKELFORD: Objection.

THE COURT: Overruled.

A. Yes, sir, some marijuana.

Q. Where did you find the marijuana?

A. In the basement.

MR. SHACKELFORD: Objection.

THE COURT: Overruled.

The first question drawing an objection was not improper. Only the answer to the question was improper. The second objection was made late. Technically, by failing to make a motion to strike the first answer regarding the marijuana, defendant waived any objection based on G.S. 8C-1, Rule 404(b). H. Brandis, *Brandis on North Carolina Evidence* Sec. 27 (2d ed. 1982). We do not base our holding on this technicality. Instead, in the light of the direct evidence against defendant and the utter irrelevance of marijuana possession to the charges on which defendant was ultimately convicted, we hold that no prejudicial error occurred.

[7] By his next assignment of error defendant contends it was error for the trial court to find that there was no inducement for defendant to admit ownership of the marijuana when the State's own evidence indicated the police told defendant that both defendant and defendant's girlfriend would be arrested for possession of marijuana based on constructive possession. Mental or psychological pressure brought to bear against a defendant so as to overcome his will and induce a confession can render such a confession involuntary and inadmissible. *State v. Morgan*, 299 N.C. 191, 261 S.E. 2d 827, *cert. denied*, 446 U.S. 986, 64 S.Ct. 2971, 64 L.Ed. 2d 844 (1980). "Confession or admissions have not been held inadmissible in evidence merely because the accused in making the confession or admission be motivated by a desire to protect a relative threatened with arrest or in custody when such motivation originated with the accused and was not suggested by law enforcement officials." *State v. Branch*, 306 N.C. 101, 108, 291 S.E. 2d 653, 658 (1982). There is no evidence in the record indicating that the motivation for defendant's confession originated with anyone other than defendant. Defendant's assignment of error is therefore overruled.

Defendant cited no law in support of his four remaining assignments of error. We have reviewed these assignments of error and find them to be without merit.

The judgments against both defendants concerning conspiracy to commit larceny are arrested. The judgment against defendant Harverson concerning acting as an accessory after the fact is reversed.

In the cases wherein defendants were tried for conspiracy to commit breaking or entering and accessory before the fact to

breaking or entering and larceny, we find no error. We find no prejudicial error in the sentences imposed.

No error in part, judgment arrested in part and reversed in part.

Judge MARTIN concurs.

Judge WELLS dissents.

Judge MARTIN concurring.

In his dissent, Judge Wells suggests that the appropriate standard to be applied to a motion to disqualify a trial judge is whether the actions of the judge give rise to a reasonable perception in the mind of the defendant that the judge cannot be fair. I disagree. In my view, the burden is upon the party moving for disqualification to demonstrate objectively that grounds for disqualification actually exist. Such a showing must consist of substantial evidence that there exists such a personal bias, prejudice or interest on the part of the judge that he would be unable to rule impartially. *See Love v. Pressley*, 34 N.C. App. 503, 239 S.E. 2d 574 (1977), *disc. rev. denied*, 294 N.C. 441, 241 S.E. 2d 843 (1978). Such personal bias is not shown by the mere fact that the judge has presided over other proceedings in which evidence tending to incriminate the present defendant was offered, absent evidence that the prior trial would have a prejudicial effect on the present case. *State v. Duvall*, 50 N.C. App. 684, 275 S.E. 2d 842, *rev'd on other grounds*, 304 N.C. 557, 284 S.E. 2d 495 (1981).

The only evidence offered by defendants in the present case was the letter written by Judge Burroughs requesting grand jury consideration of indictments against these defendants. The letter was based on evidence which Judge Burroughs heard in another trial. The letter indicates no personal bias or prejudice on the part of Judge Burroughs nor does it express any opinion on his part as to the defendants' guilt or innocence of the charges which he requested that the grand jury consider. At most, the letter suggests that some evidence indicating defendants' involvement with the crimes was introduced at the previous trial and that Judge Burroughs, in the exercise of his judicial obligation to pro-

mote the administration of justice, sought to secure grand jury consideration of that evidence.

If, as Judge Wells asserts, Judge Downs used the wrong standard in disposing of defendants' motions, defendants are still not entitled to a new trial, as they have failed to show that they have been prejudiced in any respect by the fact that Judge Burroughs presided at their trial. I concur with the result reached by Chief Judge Hedrick.

Judge WELLS dissenting.

I agree with the majority opinion in all but one respect: the defendants were tried before the wrong judge.

Prior to trial, defendants filed written motions requesting that Judge Burroughs recuse himself. The motions were as follows:

By this Motion the Defendant moves the Honorable Robert M. Burroughs, Judge of the Superior Court of Mecklenburg County, to recuse or disqualify himself and shows the following:

1. That subsequent to the trial of Donna Rowe (79CRS711), a co-defendant to the defendant herein, a letter was written from the presiding judge, Robert M. Burroughs, to Marcellus Buchanan, the District Attorney for the Thirtieth Judicial District (a copy of said letter attached hereto as Exhibit "A", and incorporated herein by reference) requesting that seven (7) charges be brought before the grand jury against this defendant based upon testimony presented during the trial of Donna Rowe. That the bulk of the State's case against Donna Rowe was testimony elicited from a third co-defendant, David Hugh Chambers, who was granted immunity from prosecution in these matters in exchange for his testimony. That the presiding judge's request for the charges to be brought against this defendant would be sufficient evidence for a reasonable man to determine that the presiding judge had (1) predetermined the guilt of this defendant, and (2) granted more right to testimony of David Hugh Chambers and the other State's witnesses than to the testimony of various defense witnesses, all of which would show evidence

of partiality and the absence of objectivity by the trial court to this defendant. That upon information and belief the defendant believes that the witnesses for the State and defense in the Rowe matter will be the same witnesses called in the various cases of the defendant indicated above. That by virtue of the above, Judge Burroughs has shown himself to be prejudiced against the moving party or in favor of the adverse party and/or prejudiced in favor of the State's witnesses or against the defense witnesses in this action.

That the conduct complained of in Paragraph 1 above has caused or would give an appearance of partiality in favor of the State contrary to the case law now existing in this state. That judges should disqualify themselves not only when their impartiality may be questioned but even when their conduct only gives an appearance of impropriety or partiality.

WHEREFORE, the Defendant herein respectfully prays that Judge Burroughs will recuse or disqualify himself or that in the alternative that an evidentuary [sic] hearing be had to determine the facts alleged herein and that the said Judge then recuse or disqualify himself.

The letter referred to in defendants' motions was as follows:

To: Marcellus Buchanan

From: Judge Robert M. Burroughs

Subject: Floyd Fie and Steve Harverson

Based upon the evidence, in the case of State vs Donna Rowe 79CRS711, I would request that the Grand Jury be asked to consider the following charges arising out of the death of Willard Setzer and the breaking or entering and larceny of Dr. Abbatt's office on or about 17 September 1978.

Floyd Fie

1. Murder

2. Accessory before the fact of murder

3. Accessory after the fact of murder

4. Conspiracy to commit murder

5. Accessory before the fact to commit breaking or entering and larceny

6. Accessory after the fact to commit breaking or entering and larceny

7. Conspiracy to commit breaking or entering and larceny

8. Possession (NOT receiving) of stolen property

Steve Harverson

1. Murder

2. Accessory before the fact of murder

3. Accessory after the fact of murder

4. Conspiracy to commit murder

5. Accessory before the fact to commit breaking or entering and larceny

6. Accessory after the fact to commit breaking or entering and larceny

7. Conspiracy to commit breaking or entering and larceny

I hope these matters can be presented to the Grand Jury when they meet in Haywood County on May 8, 1984 or as soon thereafter as possible.

s/R. BURROUGHS

Judge Burroughs referred the motion to Judge Downs for decision. Following a hearing, Judge Downs entered an order denying defendants' motions in which he entered the following conclusion of law:

In making a request of the District Attorney to have the grand jury consider charges against an individual the then presiding trial judge has not taken such direct action against such individual so as to warrant a recusal or disqualification of the said judge from presiding at the eventual trial of the

said defendant for the same said charges, because the Court is required to instruct the then trial jury that the defendant is innocent until his guilt has been proven beyond a reasonable doubt and further, that the charges against the defendant is no evidence of guilt.

In my opinion, Judge Downs (1) used the wrong standard in disposing of defendants' motions and (2) was in error in denying defendants' motions. The appropriate standard in these matters is whether Judge Burroughs by actively seeking the indictment of these defendants had cast a reasonably founded doubt in the minds of the defendants as to whether he could give them a fair and impartial trial. *See Ponder v. Davis*, 233 N.C. 699, 65 S.E. 2d 356 (1951). In my opinion, Judge Burroughs' action in seeking indictments against them would rationally and reasonably give defendants the impression that Judge Burroughs had formed an opinion as to their guilt before their day in court came to pass. For these reasons, I vote to award defendants a new trial.

Although defendant Harverson assigned error to Judge Downs' ruling, his appellate counsel, the appellate defender, did not bring forward that assignment in his brief. Nevertheless, in my opinion, it would be fundamentally unfair not to award Harverson a new trial for the same reason.