D. A. HARMON v. THE TOWN OF BESSEMER CITY.

(Filed 29 April, 1931.)

**Municipal Corporations E b—In action for damages caused by sewage, submission of issue of permanent damage over objection held error.**

In an action by the owner of lands against a city to recover damages caused by an overflow of a stream containing sewage, the parties have the right to confine the inquiry to temporary damages, and where they have done so, an issue as to permanent damages submitted by the court in lieu thereof over the plaintiff's objection is reversible error.

APPEAL by plaintiff from *Moore, J.,* and a jury, at September Term, 1930, of GASTON. New trial.

This is an action for actionable negligence brought by plaintiff against defendant. Plaintiff in his complaint alleges that in constructing and operating defendant's sewerage system that "raw sewage is carried out and down the stream and is thrown over the premises of the plaintiff; that the bottom land of the plaintiff's land is subjected to the said overflow and the said deposits of the said raw sewage, and the

plaintiff is greatly damaged and injured by reason of injury to his pasture lands, and by offensive odors."

The allegation of plaintiff is further to the effect that for three years prior to bringing this action this wrong has been done him. "That, by reason of said negligent acts of defendant, the value of the plaintiff's land has been diminished in a large sum, namely, in the sum of $5,000."

The material facts set forth by plaintiff were denied by defendant in its answer. "For a further answer and defense defendant says that the injury of plaintiff, if any, was caused solely by the act of God in a down-pour of waters that were unprecedented, which caused the sewerage outfall of defendant to become filled with sediment and sand, and before defendant could and did repair the same some small portion of its sewage was swept down the run through plaintiff's lands, but without any injury or possibility of injury to plaintiff."

The issues submitted to the jury and their answers thereto, were as follows:

"1. Is the plaintiff the owner of the lands described in the complaint over which the defendant discharges sewage, as alleged? Answer: Yes.

2. Has the plaintiff been damaged by the defendant, as alleged in the complaint? Answer: Yes.

3. What permanent damages is the plaintiff entitled to recover? Answer: $700."

*R. G. Cherry and George W. Wilson for plaintiff.*
*S. J. Durham for defendant.*

CLARKSON, J. The plaintiff, as he had the right, did not sue for permanent damage to his land. The defendant, as it had the right, being a municipality with the right to condemn the land, an easement for sewerage purposes, did not in its answer pray that this be done and permanent damages assessed.

The plaintiff excepted and assigned error to the third issue *submitted by the court:* "What permanent damages is the plaintiff entitled to recover?"

The plaintiff tendered issue as to temporary damage and excepted and assigned error as to the issue of permanent damage submitted by the court. We think the exception and assignment of error well taken. This whole matter has been recently discussed in *Wagner v. Conover, ante*, 82.

On the record plaintiff is entitled to a
New trial.