CITY OF STATESVILLE, A MUNICIPAL CORPORATION v. GILBERT M. ROTH AND SHERRILL ROTH

No. 8522SC721

(Filed 19 November 1985)

Eminent Domain § 3; Municipal Corporations § 4.6— water and sewer lines for manufacturing plant—condemnation for private purpose

> A city's attempt to condemn a portion of respondents' property for water and sewer lines to be installed solely for the benefit of a manufacturing plant

on adjacent property constituted an improper use of the power of eminent domain for a private purpose. The fact that the plant will benefit the public by employing thirty people did not require a conclusion that the taking was for a public purpose.

APPEAL by petitioner from *Cornelius, Judge.* Judgment entered 3 April 1985 in Superior Court, IREDELL County. Heard in the Court of Appeals 7 November 1985.

Petitioner instituted this condemnation action seeking to acquire a portion of respondents' property for the purpose of constructing and installing a sewer storm drain, a sewer line, a water line, and a fire hydrant. In their answer respondents alleged that their property was not sought for a public purpose, but to serve the adjacent private property of Mr. Chandler Bryan. After hearing testimony of respondent, City Engineer Jack Pettit, and Bryan, the trial judge made findings of fact, and concluded that the taking was for a private purpose. From the judgment ordering petitioner's claim dismissed, petitioner appealed.

*Harris & Pressly, by Gary W. Thomas and Jack R. Harris, for petitioner, appellant.*

*Sowers, Avery & Crosswhite, by William E. Crosswhite, for respondents, appellees.*

HEDRICK, Chief Judge.

General Statute 1A-1, Rule 52(a)(1) requires, in non-jury cases, that the trial judge make specific findings of ultimate facts established by the evidence, state the conclusions of law thereon, and direct entry of the appropriate judgment. *Farmers Bank v. Brown Distributors,* 307 N.C. 342, 298 S.E. 2d 357 (1983). These findings of fact are conclusive on appeal if there is evidence to support them, even if there is evidence which might have supported findings to the contrary. *Henderson County v. Osteen,* 297 N.C. 113, 254 S.E. 2d 160 (1979).

The trial judge made, in pertinent part, the following findings of fact:

10. That the fire hydrant that is installed on the Bryan property is served by water lines crossing the respondents' property that is described in this action and the fire hydrant

City of Statesville v. Roth

would not be necessary were it not for the structure being built on the Bryan property.

11. That at the present time the City has no plans to extend any lines beyond the property of Chandler Bryan after it crosses the property of the respondents, unless the property owner that adjoins Chandler Bryan would request the services of the sewer line and water line at which time the City would provide the services. That as part of the agreement with Chandler Bryan the City is requiring an easement across his property to the adjoining property owner should the adjoining property owner ever request services.

12. That the property of Chandler Bryan which adjoins the respondents' property adjoins other property owned by Mr. Bryan or his company and sewer line and water line services are available from Meacham Road, which is a public [road] that fronts on property owned by Bryan Mills. Mr. Bryan could get sewer and water services from Meacham Road but because of the lay of the land there would be an expenditure of approximately $7,500.00 to $10,000.00 for installing a lift station to service the Bryan property which would have to be paid by Mr. Bryan, the property owner.

13. That the Bryan property has been approved for installation of a septic tank system and the permit for this has been granted should it be needed.

14. That the taking of the property described in the petitioner's Complaint and herein sought to be condemned is not necessary to the use of the petitioner and is for the purpose of allowing sewer lines, water lines and drain lines to cross respondents' property for the purpose of service to private property belonging to Chandler Bryan and not for a public use or public purpose in general.

EXCEPTION NO. 1

15. That said sewer line, water line and fire hydrant upon completion will serve the property of Chandler Bryan which adjoins the property of the respondents.

The court concluded:

1. That the property belonging to the respondents which the petitioner is taking under the power of eminent domain does not constitute a public purpose or public use in that the primary use of the property sought to be acquired from the respondents by the petitioner is to install utilities to serve a private use.

2. In view of the above conclusion, the power of eminent domain as provided for in Chapter 40-A of the North Carolina General Statutes cannot be resorted to to acquire said property of the respondents because the same is not for public purpose or benefit, but is for a private use.

3. That the filing of the Complaint by the petitioner does not vest title in the petitioner since the taking is not for a public purpose and the property sought to be acquired by the petitioner is revested with the respondents, and respondents are entitled to a Judgment on their Counterclaim enjoining and restraining the petitioner from going upon or about the respondents' land that is described in the Complaint.

EXCEPTION NO. 2

Based upon the above Findings of Fact and Conclusions of Law,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

1. That the petitioner's Complaint be dismissed and the property sought to be acquired is revested in the respondents.

2. That the petitioner is enjoined and restrained from appropriating the respondents' land and from going upon and maintaining lines across respondents' property and they are ordered to remove the same from the property and to restore the same to its former condition.

EXCEPTION NO. 3

The finding of fact excepted to by petitioner was supported by the following evidence: Jack Pettit, City Engineer, testified that the water and sewer lines, which were to be installed in the

City of Statesville v. Roth

easement on respondents' property, were needed to serve Bryan's plant. The fire hydrant was required only because of Bryan's plant. Pettit also said that there were no plans to extend the water and sewer lines to any other property. Clearly Pettit's testimony supports the trial court's finding that the easement would be "for the purpose of service to private property belonging to Chandler Bryan. . . ."

The only question remaining is whether this fact, that the easement was to exclusively serve Bryan, supports the conclusion that the taking was for a private use.

Under the power of eminent domain private property may only be taken for a public use. *Highway Commission v. Batts*, 265 N.C. 346, 144 S.E. 2d 126 (1965). A public use is a use by and for the government and the general public, not for particular individuals or estates. *Charlotte v. Heath*, 226 N.C. 750, 40 S.E. 2d 600 (1946). Economic benefits to the community which may be anticipated by the addition of a prospective employer are not determinative of whether the taking is for a public use. *Highway Commission v. Thornton*, 271 N.C. 227, 156 S.E. 2d 248 (1967).

In the instant case the trial court found that the water and sewer lines were to be installed solely for the benefit of Bryan's manufacturing plant. The court concluded that such use for one particular individual or enterprise was a private use. We agree. Petitioner's argument, that the plant will benefit the public by employing thirty people and thus contribute to the public welfare, is without merit. As our Supreme Court said in *Thornton, supra*, "The home or other property of a poor man cannot be taken from him by eminent domain and turned over to the private use of a wealthy individual or corporation merely because the latter may be expected to spend more money in the community. . . ." *Id.*, 271 N.C. at 243, 156 S.E. 2d at 260.

We find that the findings of fact are supported by competent evidence, which support the conclusion of the trial court: that the taking was for a private purpose.

Affirmed.

Judges WELLS and EAGLES concur.