ROBERT TUCKER AND CAROLYN TUCKER, PLAINTIFFS v.
THE CITY OF KANNAPOLIS, DEFENDANT

No. COA02-1038

(Filed 15 July 2003)

### 1. Appeal and Error— refusing to allow rebuttal of affidavits—incomplete record on appeal

The trial court did not err in an action seeking a declaratory judgment that the city lacked authority to condemn plaintiffs' property by refusing to allow plaintiff husband to testify orally to rebut the city's affidavits supporting the trial court's decision, because plaintiffs failed to demonstrate that the trial court's refusal was an abuse of discretion when: (1) the record does not contain any evidence that the trial court ever issued the ruling challenged on appeal; and (2) plaintiffs failed to include in the record the evidence or other documentation necessary for an understanding of the issue on appeal.

### 2. Cities and Towns— condemnation—public purpose

The trial court did not err in an action seeking a declaratory judgment that the city lacked authority to condemn plaintiffs' property by concluding that the proposed taking was for a permissible public purpose to extend sewer service, because: (1) the city's affidavits established that the condemnation met both the public use test and the public benefit test; and (2) the city's evidence established that the extension of sewer service was for three existing subdivisions, several homes, and numerous other properties, as well as any future developments in a newly-annexed area.

Appeal by plaintiffs from judgment entered 3 April 2002 by Judge James C. Davis in Cabarrus County Superior Court. Heard in the Court of Appeals 16 April 2003.

*Helms Mullis & Wicker, P.L.L.C., by James G. Middlebrooks and Steven A. Meckler, for plaintiffs-appellants.*

*Hamilton Gaskins Fay & Moon, P.L.L.C., by Robert C. Stephens and George W. Sistrunk, III, for defendant-appellee.*

**TUCKER v. CITY OF KANNAPOLIS**

[159 N.C. App. 174 (2003)]

GEER, Judge.

Defendant City of Kannapolis sought to condemn the property of plaintiffs Robert and Carolyn Tucker in order to acquire an easement for expansion of the City's sewer system. The Tuckers filed a declaratory judgment action asking the trial court to declare that the City had no authority to condemn their property. Plaintiffs appeal from the trial court's order in favor of the City.

Plaintiffs contend on appeal that the trial court erred in refusing to allow Mr. Tucker to testify orally to rebut the City's affidavits and that those affidavits are insufficient to support the trial court's decision. Because plaintiffs have failed to demonstrate that the trial court's refusal to allow oral testimony was an abuse of discretion and because the evidence in the record establishes no genuine issue of material fact regarding the City's entitlement to a declaratory judgment in its favor, we affirm.

On 20 August 2001, Mr. Tucker received a letter from the City Manager for the City of Kannapolis advising him that the City would be entering the Tuckers' property to prepare for the placement of a proposed sewer line. Plaintiffs have alleged that this sewer line is intended for the private use of Ken Lingafelt, who owns property neighboring plaintiffs' tract and intends to develop a subdivision on that property. After the Tuckers objected that the City was exceeding its power of eminent domain they received a notice of condemnation, on 19 November 2001, stating that the City intended to file a condemnation action.

On 27 December 2001, plaintiffs filed an unverified complaint seeking a declaratory judgment that the City lacked authority to condemn their property because of the absence of any public benefit or use. Plaintiffs also sought a preliminary injunction prohibiting the City from appropriating or entering onto their property.

The City filed an answer denying the pertinent allegations of the complaint and asserting as an affirmative defense that the condemnation was for the public use and benefit. In addition, the City's answer contained a "Motion for Declaratory Judgment," seeking an order (a) declaring the City's condemnation of plaintiffs' property to be a valid exercise of the City's power of eminent domain, (b) denying plaintiffs' request for injunctive relief, and (c) dismissing plaintiffs' complaint.

In March 2002, the City served plaintiffs with two affidavits: the affidavit of Wilmer Melton, III (the Water and Wastewater Resources Director for the City) and the affidavit of Michael Legg (the City's Assistant Manager responsible for the installation of sewer lines). Plaintiffs did not file any responsive affidavits.

On 1 April 2002, a hearing was held on the City's motion. According to plaintiffs' brief on appeal, Mr. Tucker was not allowed to testify. Plaintiffs have not, however, filed a transcript of that hearing with this Court.

On 3 April 2002, the trial court entered an order finding that the Tucker condemnation was part of and necessary to the City's plan to extend sanitary sewer service to newly annexed areas within the City's jurisdiction and that the condemnation was for a public use and provided a public benefit to the City's citizens. The court concluded, therefore, that the condemnation was a legitimate and valid exercise of the City's power of eminent domain pursuant to Chapters 40A and 160A of the North Carolina General Statutes. The court entered a declaratory judgment in the City's favor, denied plaintiffs' request for injunctive relief, and dismissed plaintiffs' complaint with prejudice.

I

[1] Plaintiffs first argue that the trial court erred in not allowing oral testimony from Mr. Tucker at the 1 April hearing. The record on appeal does not, however, contain the information necessary for us to review this assignment of error.

Rule 9 of the North Carolina Rules of Appellate Procedure provides that "review is solely upon the record on appeal and the verbatim transcript of proceedings, if one is designated, constituted in accordance with this Rule 9." The record on appeal is specifically required to contain "so much of the evidence . . . as is necessary for an understanding of all errors assigned, or a statement specifying that the verbatim transcript of proceedings is being filed with the record pursuant to Rule 9(c)(2), or designating portions of the transcript to be so filed." N.C.R. App. P. 9(a)(1)(e). As appellants, plaintiffs bore the burden of ensuring that all necessary information was included in the record on appeal as required by Rule 9. *Miller v. Miller*, 92 N.C. App. 351, 353, 374 S.E.2d 467, 468 (1988) ("It is the appellant's responsibility to make sure that the record on appeal is complete and in proper form."). Plaintiffs have, however, neither

filed a transcript of the motion hearing nor included documents in the record that would enable us to review any refusal by the trial court to allow Mr. Tucker's testimony.

Because plaintiffs did not file a transcript, our review is limited to the record on appeal. The record contains nothing showing (a) that plaintiffs specifically requested that Mr. Tucker be allowed to testify, (b) the reasons they argued to the court to allow the testimony, or (c) the reasons that the court relied upon in refusing to grant plaintiffs' request. Without having some indication of the basis for the trial court's ruling, we cannot determine whether the court's refusal to allow oral testimony was an abuse of discretion. *See Lowder v. All Star Mills, Inc.*, 60 N.C. App. 699, 704-05, 300 S.E.2d 241, 244 (a trial court's decision to hear a pretrial motion only on affidavits is reviewed for abuse of discretion), *disc. review denied*, 308 N.C. 387, 302 S.E.2d 250 (1983). In fact, the record does not even contain any evidence that the trial court ever issued the ruling challenged on appeal.[1] Since plaintiffs have failed to include in the record the evidence or other documentation necessary for an understanding of the issue on appeal, this assignment of error is overruled.

II

**[2]** Plaintiffs also argue that the trial court erred in concluding that the proposed taking was for a permissible public purpose. We disagree.

Plaintiffs first contend that the affidavits submitted by the City were not competent evidence to support the trial court's conclusion because they amounted to inadmissible hearsay. Plaintiffs admit, however, that they did not object at the hearing to the admission of the affidavits. They have therefore waived any claim that the affidavits constituted hearsay. In any event, since the court was addressing a pretrial motion, affidavits were the preferred form of evidence. *Lowder*, 60 N.C. App. at 704-05, 300 S.E.2d at 244 (for pretrial motion hearings, affidavits and not oral testimony are the preferred form of evidence).

Although the City's motion was labeled "Motion for Declaratory Judgment," it appears that it was intended to be and was treated by the trial court as a motion for summary judgment. The record contains no indication that plaintiffs objected below to this approach.

---

1. In their assignments of error, plaintiffs cite only to the trial court's Declaratory Judgment, which makes no mention of plaintiffs' request to offer oral testimony.

North Carolina courts have in fact held that summary judgment is an appropriate procedure in an action, such as this one, for a declaratory judgment. *Medearis v. Trs. of Myers Park Baptist Church*, 148 N.C. App. 1, 4, 558 S.E.2d 199, 202 (2001) (citing cases), *disc. review denied*, 355 N.C. 493, 563 S.E.2d 190 (2002). On appeal, this Court must review the whole record to determine (1) whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact; and (2) whether the moving party was entitled to judgment as a matter of law. *Von Viczay v. Thoms*, 140 N.C. App. 737, 738, 538 S.E.2d 629, 630 (2000), *aff'd per curiam*, 353 N.C. 445, 545 S.E.2d 210 (2001).

The General Assembly has granted the power of eminent domain to municipalities "[f]or the public use or benefit," including establishing or extending sewer and septic tank lines and systems. N.C. Gen. Stat. § 40A-3(b)(4) (2001). *See also* N.C. Gen. Stat. §§ 160A-311(3), 160A-312(a) (2001) (granting cities the authority to construct "public enterprises," including septic and other disposal systems, in order to furnish services to their citizens). Whether a condemnor's intended use of the property is for "the public use or benefit" is a question of law for the courts. *Stout v. City of Durham*, 121 N.C. App. 716, 718, 468 S.E.2d 254, 257 (1996). Our Supreme Court has held that courts must consider whether a proposed condemnation satisfies two separate tests: a public use test and a public benefit test. *Carolina Telephone and Telegraph Co. v. McLeod*, 321 N.C. 426, 430, 364 S.E.2d 399, 401 (1988).

Under the "public use test," the dispositive determination is "whether the general public has a right to a definite use of the property sought to be condemned." *Id.* The "public's *right* to use, not the public's actual use" is the key factor in making the required determination. *Id.* (emphasis original).

Under the "public benefit test," the dispositive determination is "whether some benefit accrues to the public as a result of the desired condemnation." *Id.* If the proposed condemnation would "contribute to the general welfare and prosperity of the public at large" and if that contribution cannot readily be furnished without the aid of governmental power, then the public benefit test is satisfied. *Id.* at 432, 364 S.E.2d at 402.

The City's affidavits established that the condemnation of the Tuckers' property meets both tests. These affidavits explained that

the City had annexed certain real property in Rowan County in 1999 and that the City was in the process of extending sewer service to the annexed area. The plan to deliver sewer service to the annexed area was part of the City's provision of necessary sewer services to citizens residing within the City limits. Portions of the sewer system had already been completed, but the City wished to extend the sewer system north and east of a specified road in the annexed area, including an extension through a portion of the Tuckers' property. The proposed extension would serve three existing housing subdivisions, several other homes, and numerous other properties, as well as any future developments. According to the affidavits, even the Tuckers would potentially benefit from the extended sewer service. The record contains no evidence from plaintiffs countering the City's affidavits.

Because numerous property owners, all City residents, will have the equal right to connect to the expanded sewer system, the intended use of the Tucker condemnation satisfies the "public use" test. *Stout,* 121 N.C. App. at 719, 468 S.E.2d at 257. As for the "public benefit" test, this Court has already recognized:

> that the provision of expanded sanitary sewer services is essential to growth and economic development, which is beneficial to the community and its citizens, and that such services are necessities which cannot generally be provided without governmental assistance. It follows the provision of sewer services to a substantial retail shopping center would contribute to the general welfare and prosperity of the community, which benefits from economic growth and, therefore, satisfies the "public benefit" test.

*Id.* It is equally undeniable that extension of sewer services to a newly-annexed area with multiple homes satisfies the "public benefit" test. *See also Charlotte v. Heath,* 226 N.C. 750, 756, 40 S.E.2d 600, 605 (1946) (exercise of power of eminent domain in order to provide water and sewerage services to small community of people was for a public benefit).

Plaintiffs rely on *City of Statesville v. Roth,* 77 N.C. App. 803, 336 S.E.2d 142 (1985) as support for their claim that the condemnation is not for a public use or benefit. Our Supreme Court in *McLeod,* however, rejected the argument found dispositive in *Roth* that since the proposed condemnation would benefit only a single property owner, it was necessarily for a private purpose. *Compare* 321 N.C. at 431-33,

364 S.E.2d at 402-03 (involving extension of telephone service to a single customer) *with* 77 N.C. App. at 807, 336 S.E.2d at 144 (involving extension of water and sewer system to single manufacturing plant). We note *Roth* predates the Supreme Court's decision in *McLeod.*

Regardless, the *Roth* plaintiffs offered evidence that the new water and sewer line would only benefit a single plant located on property adjoining the condemned property and that the City did not plan to extend the lines beyond the plant. Here, the City's evidence establishes that the extension of sewer service is for three existing subdivisions, several homes, and numerous other properties, as well as any future developments in a newly-annexed area. Since this evidence was uncontradicted, the trial court did not err in entering an order declaring that the Tucker condemnation was for a public use and public benefit and that it was a legitimate exercise of the City's power of eminent domain.

Affirmed.

Judges TIMMONS-GOODSON and BRYANT concur.