**CITY OF ASHEVILLE v. RESURGENCE DEV. CO., LLC**

[230 N.C. App. 80 (2013)]

CITY OF ASHEVILLE, a North Carolina Municipality, Plaintiff
v.
RESURGENCE DEVELOPMENT COMPANY, LLC, Defendant

No. COA13-341

Filed 15 October 2013

1. **Appeal and Error—interlocutory orders and appeals—eminent domain—substantial right affected**

   An order in an eminent domain action finding facts and concluding that the easement was for a public purpose was interlocutory because the order the issue of just compensation was not resolved. However, orders under N.C.G.S. § 40A-47 are immediately appealable as affecting a substantial right.

2. **Eminent Domain—extension of sewer service—affordable housing—public use or benefit**

   An expansion of sewer service constituted an action for the public use or benefit under N.C.G.S. § 40A-3 and plaintiff could validly exercise its power of eminent domain to condemn a sewer easement over defendant's land. An extension of sewer lines to allow the development of the land owned by the City of Asheville facilitated the construction of affordable housing, which was to the benefit of the public.

Appeal by defendant from Order entered on or about 10 September 2012 by Judge Robert C. Ervin in Superior Court, Buncombe County. Heard in the Court of Appeals 9 September 2013.

*Ferikes & Bleynat, PLLC, by Joseph A. Ferikes, for plaintiff-appellee.*

*Adams, Hendon, Carson, Crow & Saenger, P.A., by George W. Saenger, for defendant-appellant.*

STROUD, Judge.

Resurgence Development Company, LLC, ("defendant") appeals from an order entered pursuant to N.C. Gen. Stat. § 40A-47 (2011) wherein the trial court determined that the City of Asheville's proposed condemnation of an easement over defendant's land was for a public purpose. For the following reasons, we affirm.

CITY OF ASHEVILLE v. RESURGENCE DEV. CO., LLC

[230 N.C. App. 80 (2013)]

## I. Background

Defendant owns approximately 5.3 acres of land in Buncombe County, North Carolina. Plaintiff owns an adjacent tract of approximately 16 acres. Plaintiff and defendant both purchased their land at the same foreclosure sale. Plaintiff purchased the 16 acres to protect its interest in two loans it had made to the previous owner of both tracts of land—another company for which defendant's member/manager was also member/manager. Plaintiff had made the loans to help finance the development of affordable housing, but the prior owner defaulted.

On 15 October 2010, plaintiff entered into a contract with the Asheville-Area Habitat for Humanity ("Habitat"), a non-profit corporation, to sell plaintiff's 16 acres so that Habitat could build 55 single-family homes and thereby provide affordable housing to area residents. As a condition of the sale, Habitat required that the property be connected to the public sewer system.

When defendant bought its property, there was already a sewer pump station on the property capable of serving 310 units. Defendant's property can only support 42 units. Plaintiff's property, however, had no access to the sewer system. To access the sewer pump station, there would need to be an additional line running from plaintiff's property, across defendant's land (along the existing sewer easement), to the station. The sewer pump station and its associated lines are owned by the Metropolitan Sewerage District of Buncombe County (MSD), a public body. The existing easement did not authorize an additional sewer line, so MSD refused to construct it without an additional easement area.

Plaintiff filed this eminent domain action to condemn a permanent easement of 435 square feet and a temporary construction easement of 474 square feet. Plaintiff stated that once it acquired the easement and constructed the line, it would be transferred to MSD and operated in conjunction with the existing sewer system. Defendant answered, contending that plaintiff's intended condemnation was not for a public purpose. Plaintiff then moved for a determination of all issues other than damages under N.C. Gen. Stat. § 40A-47.

The trial court entered an order on 10 September 2012 finding the above facts and concluding that plaintiff's proposed use of the easement was for a public purpose. Defendant filed timely written notice of appeal.

## II. Appellate Jurisdiction

[1] We first note that this appeal is interlocutory because the order from which defendant appeals does not resolve the issue of just compensation.

*City of Winston-Salem v. Slate,* 185 N.C. App. 33, 37, 647 S.E.2d 643, 646 (2007).

> Generally, there is no right to appeal from an interlocutory order. Nevertheless, this Court has held on multiple occasions that orders under N.C. Gen. Stat. § 40A–47 are immediately appealable as affecting a substantial right. *See, e.g., Piedmont Triad Reg'l Water Auth. v. Unger,* 154 N.C. App. 589, 591, 572 S.E.2d 832, 834 (2002) (trial court's determination under N.C. Gen.Stat. § 40A–47 "affect[ed] a substantial right"), *disc. review denied,* 357 N.C. 165, 580 S.E.2d 695 (2003).

*Id.* (citation omitted). Therefore, defendant's appeal is properly before this Court.

### III.  Public Use or Benefit

**[2]**  Defendant argues that the trial court erred in concluding that plaintiff's condemnation of an easement to expand the sewer lines that run across his property is for a public purpose. We disagree.

The trial court, sitting without a jury, made a number of relevant findings of fact and concluded that plaintiff's proposed condemnation is for a public purpose and is therefore both constitutional and authorized by statute.

> It is well settled in this jurisdiction that when the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts. Findings of fact by the trial court in a non-jury trial have the force and effect of a jury verdict and are conclusive on appeal if there is evidence to support those findings. A trial court's conclusions of law, however, are reviewable *de novo.*

*Mecklenburg County v. Simply Fashion Stores, Ltd.,* 208 N.C. App. 664, 668, 704 S.E.2d 48, 52 (2010) (citations and quotation marks omitted), *app. dismissed,* 365 N.C. 187, 707 S.E.2d 231 (2011). The trial court's findings of fact are conclusive on appeal because defendant has not challenged any as unsupported by the evidence. *Id.* We review the trial court's conclusion that plaintiff's proposed use of eminent domain is "for a public purpose" *de novo. Id.*

CITY OF ASHEVILLE v. RESURGENCE DEV. CO., LLC

[230 N.C. App. 80 (2013)]

"Eminent domain is the power of the nation or of a sovereign state to take, or to authorize the taking of, private property for a public use without the owner's consent and upon payment of just compensation." *Carolina Tel. & Tel. Co. v. McLeod*, 321 N.C. 426, 429, 364 S.E.2d 399, 400 (1988) (citation omitted). Plaintiff, a municipality of the state, is authorized by statute to exercise that power. N.C. Gen. Stat. § 40A-3(b) (2011).

> While delegation of the power of eminent domain is for the legislature, the determination of whether the condemnor's intended use of the land is for "the public use or benefit" is a question of law for the courts. This task has not proven easy. While it is clear that the power of eminent domain may not be employed to take private property for a purely private purpose, it is far from clear just how "public" is public enough for purposes of N.C.G.S. § 40A-3. As we have stated on numerous occasions, the statutory phrase "the public use or benefit" is incapable of a precise definition applicable to all situations. Rather, because of the progressive demands of an ever-changing society and the perpetually fluid concept of governmental duty and function, the phrase is elastic and keeps pace with changing times.
>
> However, judicial determination of whether a condemnor's intended use is an action for "the public use or benefit" under N.C.G.S. § 40A-3 is not standardless. On the contrary, courts in this and other states have employed essentially two approaches to this problem. The first approach—the public use test—asks whether the public has a right to a definite use of the condemned property. The second approach—the public benefit test—asks whether some benefit accrues to the public as a result of the desired condemnation.

*Carolina Tel. & Tel. Co.*, 321 N.C. at 429-30, 364 S.E.2d at 401 (citations omitted).

Municipal use of eminent domain to establish and expand access to sewer systems has long been upheld as proper by the courts of this state.[1]

---

1. *See, e.g., Cook v. Town of Mebane*, 191 N.C. 1, 5, 131 S.E. 407, 409 (1926) (observing that the Town of Mebane could take land through its power of eminent domain for the establishment of sewer systems); *Harmon v. Town of Bessemer City*, 200 N.C. 690, 691, 158 S.E. 255, 255 (1931) (noting the right of a municipality to establish an easement through condemnation "for sewerage purposes"), *Glace v. Town of Pilot Mountain*, 265 N.C. 181, 183,

Additionally, the Legislature has specifically authorized local public condemnors to exercise eminent domain in order to "[e]stablish[], extend[], enlarg[e], or improv[e] . . . sewer and septic tank lines and systems." N.C. Gen. Stat. § 40A-3(b)(4) (2011). Nevertheless, "whether a condemnor's intended use of the property is for 'the public use or benefit' is a question of law for the courts" that we must consider under the particular facts presented here. *Tucker v. City of Kannapolis*, 159 N.C. App. 174, 178, 582 S.E.2d 697, 699 (2003).

Under the public use test, the question is "whether the general public has a right to a definite use of the property sought to be condemned." *Carolina Tel. & Tel. Co.*, 321 N.C. at 430, 364 S.E.2d at 401.

> The public use required need not be the use or benefit of the whole public or state, or any large portion of it. It may be for the inhabitants of a small or restricted locality; but the use and benefit must be in common, not to particular individuals or estates.

*City of Charlotte v. Heath*, 226 N.C. 750, 756, 40 S.E.2d 600, 605 (1946) (citations and quotation marks omitted). Thus, where the City of Charlotte condemned a right-of-way to extend sewer lines to several dozen residents outside of the city limits, our Supreme Court upheld the condemnation as a public use despite arguments that the benefit was limited to those residents. *Id.* at 755-56, 40 S.E.2d at 604-05.[2]

Here, the trial court specifically found that "[i]n addition to the 55 homes planned to be built by Habitat and subject to access and the capacity of the sewer pumping station, the sewer easement area will be available to the public at large in accordance with the appropriate rules, regulations and standards of MSD." Defendant has not challenged this finding.

As our Supreme Court observed in *Heath*:

> If there was in the record any evidence to sustain the theory that the use of the sewer line was intended to be confined, or could be confined in the future, to the 65 or

143 S.E.2d 78, 79 (1965) (stating that "a municipality has the right to condemn property for the construction and operation of sewage systems and related facilities."); *Stout v. City of Durham*, 121 N.C. App. 716, 718-19, 468 S.E.2d 254, 257 (1996) (holding that use of condemned land to expand sewer systems sufficient to support planned private development was both a public use and for public benefit).

2. Indeed, our Supreme Court, applying *Heath*, held that use of eminent domain to provide telephone service to a single individual was a "public use." *McLeod*, 321 N.C. at 431-32, 364 S.E.2d at 400, 402.

70 persons presently dwelling in the area to be served, and was not now, nor could hereafter be accessible to the general public who seek residence there, the case might be different. But there is no such evidence, and the inferences are to the contrary.

*Heath,* 226 N.C. at 755, 40 S.E.2d at 604.

As in *Heath,* there is no indication here that access to the sewer system will be somehow restricted to plaintiff, Habitat, or the initial residents on plaintiff's property. Indeed, the record evidence and the trial court's finding shows that the sewer easement will be useable by the public. Therefore, as our Supreme Court did in *Heath,* we conclude that plaintiff's proposed use here is a "public use."

Second, we must consider whether plaintiff's proposed condemnation satisfies the "public benefit" test. *See Town of Midland v. Morris,* 209 N.C. App. 208, 218, 704 S.E.2d 329, 337 ("Despite the disjunctive language of this statutory requirement, our Courts have determined the propriety of a condemnation under section 40A–3 based on the condemnation's satisfaction of both a 'public use test' and a 'public benefit test.' "), *app. dismissed and disc. rev. denied,* 365 N.C. 198, 710 S.E.2d 1, 1, 3 (2011).

> Generally, under the public benefit test, a given condemnor's desired use of the condemned property in question is for "the public use or benefit" if that use would contribute to the general welfare and prosperity of the public at large. However, judicial decisions in this and other states reveal that not just any benefit to the general public will suffice under this test. Rather, the taking must furnish the public with some necessity or convenience which cannot readily be furnished without the aid of some governmental power, and which is required by the public as such.

*Carolina Tel. & Tel. Co.,* 321 N.C. at 432, 364 S.E.2d at 402 (citations and quotation marks omitted).

Here, using the eminent domain power to connect plaintiff's property to the sewer pump station under defendant's property benefits the public. Currently, there is no sewer access on plaintiff's property. Extending the sewer lines will allow the development of the land currently owned by the City of Asheville, whether this development is ultimately performed by Habitat for Humanity or some other entity, thereby increasing the availability of affordable housing in the area. The sewer line under defendant's property has more than sufficient capacity to

service plaintiff's land. Indeed, when the sewer lines were initially set up, the pump station on defendant's property was designed to service both plaintiff's property and defendant's. The separation of the ownership of the two properties is simply the fortuitous result of the sale of the two properties at foreclosure to two different buyers. Requiring plaintiff to construct a sewer pump station on its property—which is what defendant contends plaintiff ought to do—would result in wasteful and unnecessary duplication of resources.[3]

The facts under consideration here are indistinguishable from those in *Stout v. City of Durham*, 121 N.C. App. 716, 468 S.E.2d 254, *disc. rev. allowed*, 344 N.C. 637, 477 S.E.2d 54 (1996), *disc. rev. withdrawn*, 345 N.C. 353, 484 S.E.2d 93 (1997). In *Stout*, the City of Durham intended to acquire private property through eminent domain in order to expand the sewer lines and thereby facilitate the private development of a shopping center. 121 N.C. App. at 718-19, 468 S.E.2d at 257. Despite the obvious benefits that would accrue to the private developers of the shopping center and the fact that the desired private construction motivated the sewer expansion, we concluded that the intended use was both a "public use" and for "public benefit" because it fostered economic growth. *Id.*

As in *Stout*, we conclude that the expansion of the sewer system to plaintiff's property through the condemnation of an easement over defendant's land is for public benefit. The fact that some benefit might also accrue to a private party does not change that conclusion. *See Carolina Tel. & Tel. Co.*, 321 N.C. at 431, 364 S.E.2d at 402 ("The mere fact that the advantage of the use inures to a particular individual will not deprive it of its public character." (citation, quotation marks, and ellipses omitted)).

Finally, we must decide whether that public benefit is paramount to or merely incidental to the private benefit. *See id.* at 719, 468 S.E.2d at 257. We conclude that the development of affordable housing for the Asheville area is the predominant interest at stake. Here, regardless of whether one considers some private benefit as accruing to the City of Asheville, Habitat, or both, it is clear from the trial court's findings and the record evidence that condemning a sewer easement over defendant's land will facilitate the construction of affordable housing, which is to the benefit of the public. *See id.* Even the loan that plaintiff hopes to recoup in part through the sale of the land in question was intended to facilitate the construction of affordable housing. To the extent there are

---

3. We also note the proposed permanent easement is entirely within the pre-existing easement owned by MSD.

CITY OF ASHEVILLE v. RESURGENCE DEV. CO., LLC

[230 N.C. App. 80 (2013)]

*any* private interests here, they all ultimately relate back to the purpose of building affordable housing for citizens in need. Condemnation of the easement here furthers that legitimate public interest.[4]

We hold that the expansion of sewer service here constitutes an action for "the public use or benefit" under N.C. Gen. Stat. § 40A-3 and that plaintiff may validly exercise its power of eminent domain to condemn a sewer easement over defendant's land. Therefore, we affirm the trial court's order.

## IV. Conclusion

For the foregoing reasons, we hold that plaintiff's proposed condemnation of an easement over defendant's land is for the public use or benefit. We therefore affirm the trial court's order.

AFFIRMED.

Chief Judge MARTIN and Judge GEER concur.

---

4. Defendant also argues that plaintiff's plan violates N.C. Gen. Stat. § 160A-279(a) (2011), which forbids the transfer of property acquired by eminent domain through a private sale. Plaintiff asserts, however, and the trial court found that plaintiff intends to convey the easement to MSD, not to sell it to Habitat or some other private party. Therefore, the prohibition contained in § 160A-279(a) is not applicable.