McGEE, Chief Judge.
Plaintiff Wesley Kevin Bledsoe ("Husband") appeals from an order in which the trial court denied his request for a reduction in alimony payments to Defendant Amanda Simpson Bledsoe ("Wife"); reduced Husband's child support obligation; ordered that Husband pay child support and alimony arrearages within fifteen days of the filing of the order or be subject to arrest; and ordered that Husband pay Wife's attorney's fees.
I. Facts and Procedural History
Husband and Wife were married on 3 November 2006 and separated on or about 31 May 2010. During the course of their marriage, two minor children ("the children") were born to the parties. During the marriage, Wife was a stay-at-home mother and served as the primary caretaker for the children. Husband was employed on a full-time basis at Nash Health Care Systems ("Nash Hospital"), and on a part-time basis at Halifax Medical Specialists, P.A. ("Halifax").
Husband filed a complaint on 16 March 2010 seeking divorce, child custody, child support, and equitable distribution. Wife answered and counterclaimed for divorce, child custody, child support, equitable distribution, post-separation support, alimony, and attorney's fees. The trial court entered an order on 30 July 2010, nunc pro tunc17 May 2010 ("the 30 July 2010 order"), awarding primary physical custody of the children to Wife, setting a visitation schedule, granting Wife use and possession of the marital residence, ordering Husband to pay $1,100.00 per month in child support, and ordering that Husband pay a percentage of the children's reasonable medical expenses and $400.00 per month as post-separation support.
Husband filed a motion in the cause on 24 March 2011 alleging a change of circumstances warranted modification of the 30 July 2010 order. Wife moved to dismiss Husband's motion, moved to modify the visitation schedule, and filed a motion for contempt, in which she alleged that Husband had willfully failed and refused to pay ordered child support, was $258.00 in arrears in child support payments, owed $159.35 in medical expenses, and had failed to pay $3,200.00 in post-separation support payments. Husband denied Wife's allegations, but admitted he owed Wife $3,100.00 in post-separation support.
The trial court entered an order on 31 July 2012, nunc pro tunc13 September 2011 ("the contempt order"), concluding that Husband was in willful contempt of the 30 July 2010 order, that there were sufficient grounds to modify the visitation schedule, and that Wife was entitled to an award of reasonable attorney's fees. The trial court also ordered Husband to pay an additional $100.00 per month in post-separation support until the arrears were extinguished, and held that, if Husband failed to pay the arrears, Husband would be arrested and held in Nash County Jail under a cash bond of $20,000.00. The trial court entered an order on 14 August 2012, nunc pro tunc13 June 2012 ("the 2012 alimony order"), ordering that Husband pay alimony to Wife for three years in the amount of $600.00 per month.
Husband moved to modify alimony and child support on 15 July 2013, alleging he had been terminated from Nash Hospital. Wife responded that Husband was at fault for the decrease in his earning capacity, was over three months behind on his alimony obligation, and was late on his child support payments and that Wife was entitled to attorney's fees.
A hearing was held on 30 October 2013 ("the hearing"). After the hearing, the trial court entered an order on 21 March 2014, nunc pro tunc30 October 2013 ("the 21 March 2014 order"), in which it found: Husband did not intentionally decrease his income for the purpose of avoiding making support payments; Husband "ha[d] been continuously late in his alimony payments and ha[d] failed to pay his child support as ordered since losing his employment at Nash Hospital[;]" Husband's "failure to pay as ordered ha[d] resulted in extreme financial difficulties for [Wife] and she has had to bring multiple contempt actions in order to receive her court ordered payments[;]" and Wife had "filed a Motion in the Cause requesting that [Husband] not be allowed to liquidate or encumber ... his retirement account at Nash Hospital." The trial court denied Husband's request for a reduction in alimony, and reduced Husband's child support to $826.00 per month. The trial court further ordered Husband to pay arrearages of child support and alimony in the amount of $3,000.00, and ordered if Husband failed to bring the arrearages current within fifteen days of the filing of the order, that "an immediate order shall be issued for his arrest where he shall be held under $5000.00 cash bond," and that Husband "shall also be arrested and held under a $5000.00 cash bond for each incident of lateness if the payments [we]re later than 10 days [from] their due date." Husband was also ordered not to liquidate or encumber his retirement account from Nash Hospital, and to pay attorney's fees to Wife in the amount of $1,800.00. Husband appeals from the 21 March 2014 order.
II. Analysis
A. Calculation of Child Support
Husband first argues the trial court erred when it calculated his modified monthly child support because the trial court's finding of fact regarding Husband's income was not supported by competent evidence. We agree.
"[M]odification of child support [is] a two-step process." Armstrong v. Droessler,177 N.C.App. 673, 675, 630 S.E.2d 19, 21 (2006). "A trial court must first determine a substantial change of circumstances has taken place; only then does it proceed to apply the [North Carolina Child Support] Guidelines to calculate the applicable amount of support." Id.(alteration in original) (internal quotation marks omitted). "The modification of the order must be supported by findings of fact, based upon competent evidence, that there has been a substantial change of circumstances affecting the welfare of the child." Frey v. Best,189 N.C.App. 622, 629, 659 S.E.2d 60, 67 (2008) (internal quotation marks omitted). "The findings of fact[ ] must be specific enough to indicate to the appellate court that the judge below took due regard of the particular estates, earnings, conditions, [and] accustomed standard of living of both the child and the parents." Id.(alteration in original) (internal quotation marks omitted). "In the absence of such findings, this Court has no means of determining whether the order is adequately supported by competent evidence."Id.at 630, 659 S.E.2d at 67 (internal quotation marks omitted). "Child support orders entered by a trial court are accorded substantial deference by appellate courts and our review is limited to a determination of whether there was a clear abuse of discretion." Head v. Mosier,197 N.C.App. 328, 332, 677 S.E.2d 191, 195 (2009) (internal quotation marks omitted).
In the present case, the trial court determined that Husband's monthly gross income at the time of the hearing was $4,310.00 per month. The only support for this finding was a statement by Husband's attorney that Husband's gross income from Halifax averaged $2,884.00 per month, and that his gross income for the months he received unemployment benefits averaged $1,426.00 per month. Nevertheless, the evidence presented during the hearing included a printout summary of Husband's benefit payment history from the North Carolina Division of Employment Security showing that Husband collected just $535.00 almost every other week in unemployment benefits between 6 July 2013 and 5 October 2013, and a paystub from Halifax showing that Husband's gross annual income from Halifax as of 20 September 2013 was $25,960.00, which averaged $2,884.44 per month. In other words, the income reflected in the evidence presented through Husband's unemployment benefits history and the paystub from Halifax did not support the trial court's determination that Husband's gross monthly income was $4,310.00. Since the only support in the record for the trial court's finding that Husband's gross monthly income was $4,310.00 was the statement by Husband's attorney, which is not competent evidence, we conclude the trial court erred by using this amount to calculate Husband's modified child support obligation. We remand this matter for the trial court to reconsider its finding concerning Husband's income in light of the evidence presented.
However, because the child support worksheet calculating Husband's modified child support obligation has not been included in the record, we cannot determine whether the trial court's calculations were correct. Although it is Husband's burden, as the appellant, to ensure that "all necessary information was included in the record on appeal as required by [Appellate] Rule 9," see Tucker v. City of Kannapolis,159 N.C.App. 174, 176, 582 S.E.2d 697, 698 (2003), we recognize that Husband contends the child support worksheet was not included with the trial court's order. Nevertheless, because we have ordered the trial court to recalculate Husband's monthly child support obligation following a determination of Husband's gross monthly income that is supported by the evidence presented, the trial court will necessarily be required to calculate a new worksheet under the statutory requirements of the North Carolina Child Support Guidelines. We further note that a new calculation of Husband's child support will require a recalculation of the amount, if any, that Husband was in arrears in his child support payments at the time of the hearing.
B. Modification of Alimony
Husband next argues the trial court erred by denying his request for a reduction in, or suspension of, alimony because the 21 March 2014 order is devoid of any finding of fact regarding Wife's income, Wife's reasonable needs, and Husband's reasonable needs.
The burden is on the moving party to show that relevant circumstances have changed to warrant the modification of an alimony order. See Kowalick v. Kowalick,129 N.C.App. 781, 785, 501 S.E.2d 671, 674 (1998). "As a general rule, the changed circumstances necessary for modification of an alimony order must relate to the financial needs of the dependent spouse or the supporting spouse's ability to pay." Frey,189 N.C.App. at 626, 659 S.E.2d at 65 (internal quotation marks omitted). "However it [i]s error for a court to modify an alimony award based only on a change in the parties' earnings." Id.(alteration in original) (internal quotation marks omitted). "The significant inquiry is how [a] change in income affects a supporting spouse's ability to pay or a dependent spouse's need for support." Id.(alteration in original) (internal quotation marks omitted). "When determining a dependent spouse's need for support, [t]he trial court should ... consider[ ] the ratioof [the dependent spouse's] earnings to the funds necessary to maintain [his or] her accustomed standard of living." Id.(alterations, emphasis, and omission in original) (internal quotation marks omitted). "This Court has held that the trial court's failure [to consider or] to make any findings regarding [the dependent spouse's] reasonable current financial needs and expenses and the ratio of those needs and expenses to [his or] her income constitute[s] error." Id.(alteration in original) (internal quotation marks omitted). In modifying an alimony order, the trial court is required to "find specific ultimate facts to support [its] judgment [that there has been a material and substantial change in circumstances to support a modification of an alimony order], and the facts found must be sufficient for the appellate court to determine that the judgment is adequately supported by competent evidence." Id.(alterations in original) (internal quotation marks omitted). "Decisions regarding the amount of alimony are left to the sound discretion of the trial judge and will not be disturbed on appeal unless there has been a manifest abuse of that discretion." Williamson v. Williamson,217 N.C.App. 388, 390, 719 S.E.2d 625, 626 (2011) (internal quotation marks omitted).
In the present case, Husband had the burden to present evidence showing the impact of his decreased income on his ability to pay or that the ratio of Wife's earnings to the funds necessary to maintain her accustomed standard of living had changed. Because the trial court's order does not indicate that Husband met, or failed to meet, this burden, we hold the trial court's denial of Husband's request to modify alimony was not adequately supported by its findings of fact. We remand the issue of modification of Husband's alimony obligation in light of his decreased income so that the trial court may make specific findings of ultimate facts as to whether there had, or had not, been a material and substantial change in circumstances to support any modification of the 2012 alimony order.
C. Contempt Order
Husband next argues the trial court erred by ordering his arrest and that he be held under a $5,000.00 cash bond if he did not bring child support and alimony arrearages current within fifteen days of the entry of the 21 March 2014 order, and that he be arrested and held under a $5,000.00 cash bond for each incident in which he was more than ten days late in making support payments. Husband also argues that the trial court's finding of fact that Wife "has had to bring multiple contempt actions in order to receive her court ordered payments" is not supported by competent evidence. We agree.
"Proceedings for civil contempt may be initiated by motion of an aggrieved party giving notice to the alleged contemnor to appear before the court for a hearing on whether the alleged contemnor should be held in civil contempt."N.C. Gen.Stat. § 5A-23(a1) (2013). "A copy of the motion and notice must be served on the alleged contemnor at least five days in advance of the hearing unless good cause is shown." Id."The motion must include a sworn statement or affidavit by the aggrieved party setting forth the reasons why the alleged contemnor should be held in civil contempt." Id."Although an order for child support is enforceable by civil contempt proceedings, a supporting party cannot be held in contempt unless the party willfully failed to comply with the support order." Brower v. Brower,75 N.C.App. 425, 428, 331 S.E.2d 170, 173 (1985) (citations omitted).
In the present case, the trial court held Husband in contempt in July 2012 for failing to make child support and post-separation payments, and ordered an increase in Husband's monthly support payments to Wife until the arrearages were extinguished. The record does not indicate, however, that Wife filed another motion for contempt. Thus, the trial court's finding of fact that Wife had filed multiple contempt actions, when the record reflects that she had only filed one such action, was not supported by the evidence. Moreover, Wife agrees that she did not file a motion for contempt prior to the hearing, and that she was not seeking for the trial court to hold Husband in contempt. As such, Husband was not given notice prior to the hearing under N.C. Gen.Stat. § 5A-23 that he might be held in civil contempt as a consequence of the proceeding. Additionally, the trial court did not find, and no evidence was presented, that Husband willfullyrefused to comply with his support payments. Therefore, we conclude the trial court erred by holding Husband in contempt in the 21 March 2014 order, and we vacate that portion of the order.
D. Attorney's Fees
Husband next argues, and Wife concedes, that the trial court erred by awarding attorney's fees to Wife because the trial court did not make sufficient findings to support an award. Again, we must agree.
In an action for child support, "the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit." N.C. Gen.Stat. § 50-13.6 (2013). Before awarding attorney's fees, the trial court must make specific findings of fact concerning:
(1) the ability of the intervenors to defray the cost of the suit, i.e.,that the intervenors are unable to employ adequate counsel in order to proceed as a litigant to meet the other litigants in the suit;
(2)the good faith of the intervenors in proceeding in this suit;
(3)the lawyer's skill;
(4)the lawyer's hourly rate;
(5)the nature and scope of the legal services rendered.
In re Baby Boy Scearce,81 N.C.App. 662, 663-64, 345 S.E.2d 411, 413, disc. review denied,318 N.C. 415, 349 S.E.2d 590 (1986). Generally, "an award of attorney's fees will be stricken if the award constitutes an abuse of discretion." Cox v. Cox,133 N.C.App. 221, 231, 515 S.E.2d 61, 68 (1999).
In the present case, the court did not make any of the findings enumerated above prior to ordering that Husband pay Wife's attorney's fees in the amount of $1,800.00. Accordingly, the award of attorney's fees in the 21 March 2014 order is vacated and remanded for the trial court to make findings in accordance with such an award.
E. Husband's Retirement Account
Finally, Husband argues that the trial court's finding of fact that Wife "filed a Motion in the Cause requesting that [Husband] not be allowed to liquidate or encumber the only marital asset in his control, his retirement account at Nash Hospital" is not supported by the evidence. Husband also argues it was error for the trial court to freeze Husband's retirement account because there was no evidence that there was a threat of Husband removing funds from that account. Again, we agree.
N.C. Gen.Stat. § 50-21(a) provides that "[d]uring the pendency of the action for equitable distribution, discovery may proceed, and the court shall enter temporary orders as appropriate and necessary for the purpose of preventing the disappearance, waste, or destruction of marital or separate property or to secure the possession thereof." N.C. Gen.Stat. § 50-21(a) (2013). "No preliminary injunction shall be issued without notice to the adverse party." N.C. Gen.Stat. § 1A-1, Rule 65(a) (2013). "A temporary restraining order may be granted without written or oral notice to the adverse party," but only if a party can show that "notice should not be required" and that "it clearly appears from specific facts shown by affidavit or by verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." N.C. Gen.Stat. § 1A-1, Rule 65(b).
During the hearing, Wife asked the trial court to prohibit Husband from liquidating his retirement account, although Wife concedes there was no motion for a restraining order or motion for injunction filed prior to the hearing, which hearing concerned issues of Husband's motions to modify child support and alimony, as well as Wife's motion for attorney's fees and issues regarding the marital residence, but did not concern equitable distribution. Additionally, the only evidence presented at the hearing relating to Husband's retirement account tended to show the account was a marital asset, that neither party knew exactly how much money was in the account, and that, because Husband lost his employment with Nash Hospital, he would no longer be making contributions to the account. No evidence was presented at the hearing to indicate there was a risk of Husband liquidating this account prior to an equitable distribution proceeding, and the trial court did not make any findings of fact that there was such a risk.
Because the hearing concerned issues unrelated to the parties' equitable distribution proceeding, the trial court erred in considering motions regarding equitable distribution at the hearing without notice of such motions having been given to Husband. Nevertheless, even if Husband did have sufficient notice by Wife's oral motion at the hearing, the trial court did not make a finding that there was a risk of Husband liquidating his retirement account during the pendency of the equitable distribution proceeding. Therefore, the trial court's order to freeze Husband's retirement account was not proper in light of the evidence presented or the court's findings of facts. See Lee v. Lee,167 N.C.App. 250, 253, 605 S.E.2d 222, 224 (2004) ("It is well settled in this jurisdiction that when the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." (internal quotation marks omitted)).
VACATED IN PART AND REMANDED.
Judges BRYANT and STEELMAN concur.
Report per Rule 30(e).
Opinion
Nash County, No. 10 CVD 491.
Appeal by Plaintiff from order entered 21 March 2014, nunc pro tunc 30 October 2013, by Judge John J. Covolo in District Court, Nash County. Heard in the Court of Appeals 2 March 2015.